GREEN v. VALLEY et al.

(Circuit Court, N. D. Iowa, W. D.   June 1, 1900.)

1. REMOVAL OF CAUSES—ACTION INVOLVING CONSTRUCTION OF SURVEYS OF LAND UNDER ACTS OF CONGRESS.

Where, by the averments of plaintiff's petition in an action begun in a state court to quiet the title to certain real estate, it appears that plaintiff acquired title under an act of congress, and that the real question in controversy is the proper construction of surveys of land made under the authority of acts of congress, and that the amount in controversy exceeds the sum of $2,000, exclusive of interest and costs, a federal question is shown to be involved, within the meaning of the act providing for the removal of causes to the federal courts.

2. SAME—TIME FOR APPLICATION—RIGHT OF NEW DEFENDANTS.

After the expiration of the time for the original defendant to plead, in an action to quiet title in the state court, plaintiff amended his petition, making other parties defendants, and alleging that they claimed some right, title, or interest in the land in controversy adverse to the plaintiff, but not averring that such interest was acquired under the original defendant. Held, that since the case involved a federal question, which would have entitled the original defendant to remove the case to the federal courts, the parties made defendants by the amendment were not precluded from obtaining a removal because the time had elapsed within which the original defendant could apply therefor.

Submitted on Motion of Plaintiff to Remand the Case to the State Court.

Buck & Kirkpatrick and Carr & Parker, for plaintiff.

Evans & Adams, W. W. Cornwall, and R. M. Bush, for defendants.

SHIRAS, District Judge: This suit was brought in the district court of Clay county, Iowa, for the purpose of quieting the title to certain realty abutting on Lost Island Lake, in Clay county. To the suit as originally brought to the May term, 1899, James Valley was the sole defendant. Subsequently the complainant filed an amendment to the petition, averring therein that Clay county, E. P. Barringer, E. B. Evans, and W. W. Cornwall have or claim a right, title, or interest in and to the land in controversy adverse to the complainant. It is not averred that the last-named parties claimed their title or interest in the land under James Valley. Notice of the amendment was given to the parties named therein, requiring them to plead on or before the 6th day of December, 1899. On the 3d day of October the defendants, including James Valley, filed a petition asking a removal of the suit into this court on the ground

that the suit presented a federal question, in that complainant deraigned title from an act of congress, and that the real question in controversy was the construction to be placed on the surveys of the land made under the authority of the acts of congress. The state court granted an order of removal, and, the transcript having been filed in this court, the complainant now moves that the suit be remanded for the reason that the suit does not present a controversy arising under the constitution or laws of the United States, and for the further reason that the application for removal was filed too late.

In the case of Railroad Co. v. Schurmeir, 7 Wall. 272, 19 L. Ed. 74, the supreme court entertained a writ of error to review the ruling and decree of the supreme court of Minnesota over substantially the same question as is presented in this case, thus showing that the supreme court was of the opinion that questions of this nature in fact arise under the statutes of the United States; for, unless this were true, the federal supreme court would have had no right to review the action of the state court. Under the doctrine of this case, it must be held that complainant's petition shows on its face that the controversy arises under the laws of the United States, and as the amount in controversy exceeds $2,000, exclusive of interest and costs, it is a controversy removable to this court, irrespective of the citizenship of the parties.

Upon the question whether the petition for removal was filed within the time fixed by the statute, it is clear that so far as the original defendant, James Valley, is concerned, he had lost the right of removal, in that he had not filed an application at or before the time he was required to plead, which was on the second day of the May term, 1899. If the other defendants had been brought into the case as substitutes for, or as holding rights under, James Valley, it might well be contended that they came into the case subject to the position occupied by the principal defendant. It is not, however, averred in the amended petition that the parties brought into the suit in September, 1899, hold under James Valley; but, on the contrary, it is averred that these parties claim a title or interest adverse to that of complainant, and the complainant could now dismiss the suit, as against James Valley, without affecting the same as it is now presented against the other defendants. Under these circumstances, it cannot be held that the parties who were made defendants in September, 1899, not upon their own application, nor as substitutes for, or as tenants under, the original defendant, but who are brought in by the complainant, and are now called upon to defend their rights in the realty in dispute, are deprived of the right of removal through the neglect of the original defendant to apply therefor at the May term of the state court. The case is not of the class wherein one of the defendants never possessed the right of removal, and wherein, the case not involving a separable controversy, all of the defendants must possess the right of removal in order to sustain the application. When this suit was brought, the defendant James Valley had the right to remove the case to this court. When the other parties were made defendants, the case, as to them, was in its nature a removable one, and of course they

could not remove the same until they were made parties defendant. In Powers v. Railway Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673, it was held that:

"The reasonable construction of the act of congress, and the only one which will prevent the right of removal, to which the statute declares the party to be entitled, from being defeated by circumstances wholly beyond his control, is to hold that the incidental provisions as to time must, when necessary to carry out the purpose of the statute, yield to the principal enactment as to the right, and to consider the statute as, in intention and effect, permitting and requiring the defendant to file a petition for removal as soon as the action assumes the shape of a removable case in the court in which it was brought."

If it should be held that a plaintiff may bring an action against one defendant only, and, after the time for pleading on behalf of this defendant has elapsed, then, by amendment, bring in others, and perhaps the real parties in interest, and then, defeat the right of removal on the ground that the original defendant had failed to apply for a removal within the statutory time, it is clear that an easy method would thereby be created for defeating the principal purpose of the removal act. I think the facts of the case bring it within the spirit of the doctrine laid down by the supreme court in the case just cited, and that the right to remove the case could be exercised by the defendants without regard to the question of whether the suit involved a separable controversy. The motion to remand is therefore overruled.