## JOHNSON v. BUTTE ALEX SCOTT COPPER CO.

### (District Court, D. Montana.   May 7, 1914.)

### No. 161.

1. REMOVAL OF CAUSES (§§ 79, 95*)—TIME FOR FILING PETITION.

In order to divest a state court of jurisdiction by removal proceedings and to vest it in the federal court, a sufficient petition must be filed, and within the statutory time, and a petition filed after answer, and during the trial, is too late.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 135, 136, 139–160, 204, 205;  Dec. Dig. §§ 79, 95.*]

2. REMOVAL OF CAUSES (§ 81*)—JURISDICTION OF FEDERAL COURT—CONSENT OF PLAINTIFF.

A plaintiff cannot divest a state court of jurisdiction of a cause, removable when brought if at all, by consenting to its removal after trial and verdict.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 137, 138;  Dec. Dig. § 81.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3.** REMOVAL OF CAUSES (§ 81*)—PROCEEDINGS FOR REMOVAL—FILING OF TRANSCRIPT BY PLAINTIFF.

Where a defendant waived its right to remove a cause, if it had such right, by proceeding with the trial in the state court after denial of its petition for removal, the removal cannot be subsequently effected by the plaintiff over the defendant's objection, by filing a transcript in the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 137, 138; Dec. Dig. § 81.*]

At Law. Action by William Johnson against the Butte Alex Scott Copper Company. On motion to strike transcript from state court from files. Motion granted.

John A. Smith, I. G. Denny, and Maury, Templeman & Davies, all of Butte, Mont., for plaintiff.

J. E. Healy and J. E. Murray, both of Butte, Mont., for defendant.

BOURQUIN, District Judge. This is a motion to strike or to remand. The complaint filed in the state court alleged plaintiff's citizenship of Nevada and defendant's of Delaware. Issue was joined, trial before a jury commenced, and all evidence concluded. Defendant then made some sort of application for time to prepare and present a petition for removal. The court took no action, the trial suspended over rule day, and on rule day counsel for defendant presented to the court a bond on and petition for removal. The petition was based upon diversity of citizenship, and alleged that at all material times plaintiff's citizenship was of Montana, and that in respect thereto the complaint was false and fraudulent to defeat removal. The court refused to approve the bond and denied the petition in that it came too late. Defendant excepted and filed the petition. Plaintiff's counsel at all times present remained mute. The next day defendant filed another petition for removal, wherein it was alleged as in the earlier one, with the addition that defendant only discovered the said fraud in respect to plaintiff's citizenship during the trial, and presented the petition at the earliest opportunity. It does not appear that the petition last aforesaid was brought to the court's notice. A bond on removal was sometime filed. The trial was resumed and concluded, resulting in a general verdict in a substantial sum for plaintiff and special findings favorable to defendant. The next day counsel for plaintiff presented to the court for signature a form of judgment upon the general verdict, which the court refused to sign to await determination of defendant's motion, then pending, for judgment upon the special findings which motion the court then set for the future. Plaintiff excepted. Two days later plaintiff filed in this court a transcript on removal. The motion aforesaid coming on for hearing in the state court, the court, being advised of the removal aforesaid, ordered a continuance to await the action of this court in the premises. Defendant promptly moves herein to strike the transcript from the files or to remand, and plaintiff resists. The motion to strike is granted.

[1] Removal proceedings are statutory, and the statutes must be followed. They provide that a defendant, to remove for diverse cit-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

izenship, must file a petition therefor at or before the time he is required to answer or plead. A *sufficient* petition and bond filed at the *statutory time* in the state court divests the said court of jurisdiction, and vests the federal court with jurisdiction, and that as soon as filed, and though the transcript be not filed in the federal court for time later. The first petition for removal herein was not so filed. On the contrary it was not filed until after answer and during the trial. Thereby the state court's jurisdiction was not divested nor this court's vested. The state court rightly decided the petition was too late. It had jurisdiction to so decide. It had jurisdiction to proceed with the trial and did so to verdict. It disposed of the action, and there is nothing to remove hither.

[2] But plaintiff contends that the time for removal, not being jurisdictional, but only modal and formal, can be waived, that he has waived it, and that defendant is estopped to question the same, citing Powers v. Ry. Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673, and cases therein cited. The waiver comes too late after trial and verdict. It is unnecessary to decide what would be the situation if plaintiff had consented to removal when the petition was filed, but it may well be doubted if the state court would have been thereby constrained to suspend the trial and order removal. The court, to a large extent, controls litigation and procedure within it. It is not compelled to yield in all things to desires of parties. If it embarks upon the trial of a cause removable when brought but removal not attempted, and during the same the parties agree to remove the case to the federal court, it would seem inconsistent with this control and with the cause of justice that thereby the court's jurisdiction would be then divested and its power to proceed with the trial destroyed. The Powers Case and those therein cited decide merely that if a case not removable when brought is converted into a removable case thereafter, removal may then be had, and the plaintiff is estopped to deny that the petition for removal was filed in time.

[3] This, because the case is "brought" within the removal statute when it is first given a removable form. But that is not this case. Here the case was removable from the beginning, if removable at all. There was no change in its status. If there was successful deception and fraud in the complaint in its representation of plaintiff's citizenship, the first petition for removal falls short in its facts to show that defendant was deceived, and only discovered the truth when the said petition was presented. If this had appeared, it well may be the petition would have been in time and plaintiff estopped to deny it. The second petition tended in that direction, but, if sufficient, it was not brought to the notice of the court, and the trial proceeded to conclusion. Thereby defendant waived it, and, waived by defendant, at no time can plaintiff rely upon it and by filing a transcript herein accomplish removal of the cause over defendant's objection.

For the state court's jurisdiction continued, and the action was by it tried, determined, and disposed of. An order will be entered accordingly.