## GURNEE *v.* PATRICK COUNTY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF VIRGINIA.

No. 57. Argued and submitted November 7, 1890. — Decided November 17, 1890.

If a law conferring jurisdiction is repealed without any reservation as to pending cases, all such cases fall with the law.

*Morey* v. *Lockhart,* 123 U. S. 56; *Wilson* v. *Nebraska,* 123 U. S. 286; *Sherman* v. *Grinnell,* 123 U. S. 679; and *Railroad Co.* v. *Grant,* 98 U. S. 398, affirmed.

*Richmond & Danville Railroad Co.* v. *Thouron,* 134 U. S. 45, affirmed.

A judgment in a Circuit Court of the United States on a general demurrer to the declaration in an action removed from a State Court, that the demurrer be sustained, and, as the record showed that the court had no jurisdiction, that the cause be remanded to the State Court, is not a judgment to which a writ of error from this court can be maintained.

THIS case was called when reached in the regular order upon the calendar, and argument was commenced. The court, however, on examining the record, declined to hear further argument, but granted to counsel leave to file briefs on the question of jurisdiction. The case, as stated by the court, was as follows:

Plaintiffs in error are citizens of the State of New York, and the owners and holders of certain bonds of the county of

Patrick in the State of Virginia. The record shows that at a meeting of the board of supervisors for the county of Patrick, on April 7, 1884, "the Norfolk and Great Western Railroad Company, for the use and benefit of Walter S. Gurnee, Jun'r, and Augustus C. Gurnee, and Walter S. Gurnee, Jr., and Augustus C. Gurnee, assignees thereof," presented to the board "seventeen bonds of $1000 each, executed by the county aforesaid to said railroad company and numbered, respectively, 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 23, 24, 25, 29 and 30, and demanded payment of the interest due thereon to the first November, 1883, or a levy for said interest, and filed the following account for said interest, viz. : (Here follows account.) Which account said board of supervisors disallowed and refuse to levy for in whole or in part." On the same day notice of appeal to the county court of Patrick County from the decision of the board was given by the railroad company for the use and benefit of plaintiffs in error, and by plaintiffs in error as "assignees of said bonds," and the appeal perfected.

On May 6, 1884, the case was removed by plaintiffs in error into the Circuit Court of the United States for the Western District of Virginia, and on the 1st of July they filed their declaration in that court against the county. The defendant demurred, and on the 3d of May, 1887, the following order was entered : "This day came the parties, by their attorneys, and in pursuance of an agreement by counsel submitted in vacation to the judges of this court for their decision, the demurrer filed by the defendant to the plaintiffs' declaration and to each count thereof and the said defendant's demurrer to the plaintiffs' declaration and each count thereof being argued, and because it seems to the court that the plaintiffs' declaration and each and every count thereof are insufficient in law, it is considered by the court that the demurrer aforesaid be sustained, and, the record showing that this court has not jurisdiction in this case, it is ordered that the same be remanded to the County Court of Patrick County, Virginia." On the next day it was further ordered: "It being suggested to the court that it is the purpose of the plaintiffs to ask for a writ of error to the final order entered on yesterday remanding this

case to the County Court of Patrick County on the ground that this court has no jurisdiction thereof, on the motion of the plaintiffs the order herein entered on yesterday, the 3d of May, 1887, be suspended for ninety days from the rising of this court." The pending writ of error was subsequently allowed.

*Mr. A. T. Britton*, *Mr. A. B. Browne* and *Mr. Henry Wise Garnett* for plaintiffs in error.

*Mr. John W. Daniel* for defendant in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Prior to the act of March 3, 1875, there could be no appeal or writ of error from an order of a Circuit Court remanding a suit which had been removed, because such an order was not a final judgment or decree in the sense which authorized an appeal or writ of error. *Railroad Co.* v. *Wiswall*, 23 Wall. 507. But it was provided by that act that the order of a Circuit Court dismissing or remanding a cause to a State court, should be reviewable by the Supreme Court on writ of error or appeal as the case might be. 18 Stat. 471, c. 137, § 5. By section 6 of the act of March 3, 1887, (24 Stat. 552, 555, c. 373,) as corrected by the act of August 13, 1888, (25 Stat. 433, c. 866,) the provision to that effect was repealed, and it was also provided by the act that " no appeal or writ of error from the decision of the Circuit Court so remanding such cause shall be allowed." Section 6 was accompanied by the proviso " that this act shall not affect the jurisdiction over or disposition of any suit removed from a court of any State, or suit commenced in any court of the United States, before the passage hereof except as otherwise expressly provided in this act."

In *Morey* v. *Lockhart*, 123 U. S. 56, it was held that this court had no power to review on appeal or writ of error an order of the Circuit Court remanding a cause to a State court, when it was commenced, removed and remanded after the act of March 3, 1887, went into effect. In *Wilkinson* v. *Nebraska*, 123 U. S. 286, it was decided that the proviso in section six of

the act of March 3, 1887, related only to the jurisdiction of the Circuit Courts of the United States, and did not confer upon this court jurisdiction over a writ of error from a judg-ment remanding a cause to a State court, when the suit was begun and removed before the act of 1887, but not remanded until afterwards. In *Sherman* v. *Grinnell*, 123 U. S. 679, the order to remand was made while the act of March 3, 1875, was in force, but the writ of error was not brought until after the passage of the act of March 3, 1887, and it was held that this court could not take jurisdiction. The general rule was applied in these cases that if a law conferring jurisdiction is repealed without any reservation as to pending cases, all such cases fall with the law. *Railroad Co.* v. *Grant*, 98 U. S. 398, 401. The opinions in all of them were delivered by Mr. Chief Justice Waite, and they are decisive upon the disposition of the case before us.

This case was commenced and removed into the Circuit Court before the act of 1887 went into effect, but the suit was remanded afterwards. In this respect the situation is the same as in *Wilkinson* v. *Nebraska, supra*.

By the act of February 25, 1889, (25 Stat. 693, c. 236,) it was provided that in all cases where a final judgment or decree should be rendered in a Circuit Court of the United States in which there was a question involving the jurisdiction of the court, the party against whom the judgment or decree was rendered should be entitled to an appeal or writ of error to this court, without reference to the amount of such judgment or decree, but where it did not exceed the sum of $5000, the question of jurisdiction should alone be reviewable. In *Richmond & Danville Railroad* v. *Thouron*, 134 U. S. 45, we held that a remanding order was not a final judgment or decree, within the terms of that act, and that this court had no jurisdiction to review it.

It is contended, however, that the order of the Circuit Court here was such a final judgment, because the Circuit Court sustained the demurrer in remanding the cause, but the position is untenable. The demurrer brought into considera-tion the contention that the plaintiffs could not maintain their

action because the court by law had no jurisdiction of their case, and thereupon the cause was remanded; and, having been remanded, this writ of error cannot be maintained, and is therefore . *Dismissed.*