# POWERS *v.* CHESAPEAKE AND OHIO RAILWAY COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF KENTUCKY.

No. 144.   Argued December 6, 7, 1897. — Decided January 10, 1898.

A judgment of the Circuit Court of the United States, against a party contending that that court has no jurisdiction because the case has not been duly removed from a state court, may be reviewed as to the question of jurisdiction by this court upon writ of error directly to that court under the act of March 3, 1891, c. 517, § 5.

An order of the Circuit Court of the United States, remanding a case to a state court, is not reviewable by this court.

An action brought in a state court, which, by reason of joinder as defendants of citizens of the same State as the plaintiff, is not a removable one under the act of Congress until after the time prescribed by statute or rule of court of the State for answering the declaration, may, upon a subsequent discontinuance in that court by the plaintiff against those defendants, making the action for the first time a removable one by reason of diverse citizenship of the parties, be removed into the Circuit Court of the United States by the defendant upon a petition filed immedi-

ately after such discontinuance, and before taking any other steps in defence of the action.

If sufficient grounds for the removal of a case into the Circuit Court of the United States are shown upon the face of the petition for removal and of the record of the state court, the petition for removal may be amended in the Circuit Court of the United States by stating more fully and distinctly the facts which support those grounds.

The right of a party to insist that a case has been duly removed into the Circuit Court of the United States is not lost or impaired by his making defence in the state court, after that court had denied his petition for removal.

THIS action was brought September 7, 1893, in an inferior court of the State of Kentucky, by Powers against the Chesapeake and Ohio Railway Company, as well as against Boyer, Evans and Hickey, the conductor, engineer and fireman of a railway train of the company, to recover damages for injuries suffered by the plaintiff from the running of the train against him by the negligence of the defendants. The summons was not served on Hickey, but was served on the other defendants.

The railway company, before its answer was required by the law of Kentucky to be filed, removed the case into the Circuit Court of the United States, upon a petition alleging that the matter in dispute exceeded, exclusive of interest and costs, the sum or value of $2000; that the railway company was a citizen of the States of Virginia and West Virginia only, and the plaintiff was a citizen of the State of Kentucky; that there was in this suit a separate controversy, which could be fully determined, as between them; and that the other defendants were fraudulently and improperly joined for the sole purpose of defeating the railway company's right of removal. In the Circuit Court of the United States, a transcript of the record of the proceedings in the state court was filed; and, after a hearing, a motion by the plaintiff to remand the case to the state court was sustained by an opinion filed and entered of record, which stated that the plaintiff was a citizen of Kentucky and the railway company a citizen of Virginia, and the other defendants were admitted to be citizens of Kentucky; and held that there was no separable con-

troversy between the railway company and the plaintiff; and the case was ordered to be remanded accordingly.

The railway company then filed in the state court a transcript of the proceedings in the Circuit Court of the United States; and an answer, containing a demurrer, and denying the facts alleged in the original petition, and alleging that the other defendants were fellow servants of the plaintiff. A year after the first petition for removal, and when the case was called for trial before a jury in the state court, the plaintiff discontinued his action against the individual defendants; the court overruled the demurrer; and the railway company filed a second petition for removal, like the first, except in alleging that in bringing this suit Evans and Hickey were fraudulently and improperly joined as defendants for the purpose of defeating the railway company's right of removal; that because of their joinder the cause had been remanded to the state court; and that the action, having now been discontinued as against them, was for the first time pending against the railway company alone. The state court denied the petition for removal, and the railway company excepted to the denial; the trial proceeded in that court, resulting in a verdict and judgment for the plaintiff; and the railway company appealed to the Court of Appeals of the State.

At the next term of the Circuit Court of the United States, the railway company filed a transcript of the record of the proceedings in the state court. The plaintiff moved to remand the case to the state court, upon the grounds, that it was not removable under the acts of Congress; that the second petition for removal was not filed within the time fixed by those acts; and that the question sought to be made by the second petition for removal had been already adjudged by the Circuit Court of the United States, and its former adjudication was a bar to the second proceeding for removal. The railway company (having filed affidavits showing that Boyer and Hickey were citizens of Kentucky, and that the discontinuance of the action as against the individual defendants was made by the plaintiff's attorney without their request or knowledge and without any consideration moving

from them) was permitted by the Circuit Court of the United States to amend its second petition for removal, by substituting therein the name of Boyer for that of Evans, in correction of a clerical mistake in the petition; and by alleging that Evans was a citizen of Virginia, and Boyer and Hickey were citizens of Kentucky, and that, by reason of the fraudulent and improper joinder of them to defeat the railway company's right of removal, the plaintiff was estopped to deny that the second petition for removal was not filed within the time required by law.

The Circuit Court of the United States, being of opinion that the plaintiff had fraudulently joined Boyer and Hickey as defendants in order to defeat the removal of the case to that court, and was therefore estopped to deny that the second petition for removal was filed in time, granted the petition for removal, and denied the motion to remand. 65 Fed. Rep. 129. The plaintiff then pleaded, in abatement of the cause in the Circuit Court of the United States, and to the jurisdiction of that court, the proceedings in the state court in which the railway company took part after the denial of its second petition for a removal, and its appeal to the Court of Appeals of the State; and, for the same reasons, moved the court to defer all proceedings until the termination of the case in the courts of the State, and in this court if the case should be brought here from the courts of Kentucky; and also moved to remand the cause to the state court. The Circuit Court of the United States sustained a demurrer to the plea, and denied the motions to defer and to remand.

The case was afterwards called for trial in the Circuit Court of the United States; and, the plaintiff insisting on his objection that the court was without jurisdiction, because the case had never been properly removed into that court, and declining for that reason to recognize the jurisdiction thereof or to prosecute his action therein, the court, overruling all the plaintiff's objections, and being of opinion that the original petition of the plaintiff did not state a cause of action, adjudged that the action be dismissed, and rendered final judgment for the defendant.

A writ of error from this court was sued out by the plaintiff, upon the sole ground that the cause was not properly removed into the Circuit Court of the United States and therefore that court was without jurisdiction. The court allowed the writ of error, and certified to this court the question, so presented, as a question of the jurisdiction of the Circuit Court, under the act of March 3, 1891, c. 517, § 5. 26 Stat. 827.

*Mr. Lawrence Maxwell, Jr.,* for plaintiff in error. *Mr. William Goebel* and *Mr. Alfred Mack* were on his brief.

*Mr. Charles B. Simrall* for defendant in error.

MR. JUSTICE GRAY, after stating the case, delivered the opinion of the court.

In the Circuit Court of the United States, the plaintiff contended that the court had no jurisdiction to entertain the case and to render the final judgment complained of, because the case had not been duly removed into the court from the state court in which it had been commenced.

The question thus presented was not, as in *Smith* v. *McKay,* 161 U. S. 355, whether a suit, of which the Circuit Court of the United States was admitted to have jurisdiction, was cognizable on the common law or on the equity side of the court; but the question was whether the Circuit Court of the United States had any jurisdiction whatever of the case. The jurisdiction of the Circuit Court of the United States was thus in issue, and the question of its jurisdiction having been duly certified, the case was rightly brought from the Circuit Court of the United States directly to this court, under the act of March 3, 1891, c. 517, § 5, upon the question of jurisdiction only. 26 Stat. 827.

The action was brought against a railroad company and several of its servants to recover for an injury alleged to have been caused to the plaintiff by the negligence of all the defendants. It is well settled that an action of tort, which

might have been brought against many persons or against any one or more of them, and which is brought in a state court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants into the Circuit Court of the United States, even if they file separate answers and set up different defences from the other defendants, and allege that they are not jointly liable with them, and that their own controversy with the plaintiff is a separate one; for, as this court has often said, "A defendant has no right to say that an action shall be several which the plaintiff seeks to make joint. A separate defence may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to final decision in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings." *Pirie* v. *Tvedt*, 115 U. S. 41, 43 ; *Sloane* v. *Anderson*, 117 U. S. 275 ; *Little* v. *Giles*, 118 U. S. 596, 600, 601 ; *Louisville & Nashville Railroad* v. *Wangelin*, 132 U. S. 599 ; *Torrence* v. *Shedd*, 144 U. S. 527, 530 ; *Connell* v. *Smiley*, 156 U. S. 335, 340. Applying this rule, the Circuit Court of the United States, when this case was first removed into that court, ordered it to be remanded.    65 Fed. Rep. 129, 130.

It is true that the same court, in similar cases between other parties, has since decided otherwise; and, upon a review of conflicting authorities, and referring to the distinction taken under the old system of special pleading between trespass and trespass on the case, has held that a master and servant cannot be joined in an action for a tort, and therefore the controversy between each of them and the plaintiff is a separate controversy. *Warax* v. *Cincinnati &c. Railway*, 72 Fed. Rep. 637 ; *Hukill* v. *Mansfield & Big Sandy Railroad*, 72 Fed. Rep. 745.

But it is unnecessary now to consider which of the views of the Circuit Court upon this question is the correct one, because that court, by its order remanding this case, distinctly and finally adjudged, as between these parties and for the purposes of this case, that, at the time of the filing of the first petition for removal, the case was not removable, because,

as it then stood, some of the defendants were citizens of the same State with the plaintiff, and there was no separate controversy between the plaintiff and the railway company, a citizen of a different State from himself. That order is not reviewable by this court. *Gurnee* v. *Patrick County*, 137 U. S. 141; *In re Pennsylvania Co.*, 137 U. S. 451; *Birdseye* v. *Schaeffer*, 140 U. S. 117; *Missouri Pacific Railway* v. *Fitzgerald*, 160 U. S. 556.

After the case had been so remanded, and when it was called for trial in the state court, the plaintiff discontinued his action against all the individual defendants, leaving it an action between citizens of different States; and the case then for the first time became one in its nature removable, and the single remaining defendant thereupon immediately filed a second petition for removal, which was denied by the state court, but was granted and an amendment thereof allowed by the Circuit Court of the United States. 65 Fed. Rep. 129.

The existence of diverse citizenship, or other equivalent condition of jurisdiction, is fundamental; the want of it will be taken notice of by the court of its own motion, and cannot be waived by either party. *Manchester &c. Railway* v. *Swan*, 111 U. S. 379. But the time of filing a petition for removal is not essential to the jurisdiction; the provision on that subject is, in the words of Mr. Justice Bradley, "but modal and formal," and a failure to comply with it may be the subject of waiver or estoppel. *Ayers* v. *Watson*, 113 U. S. 594, 597–599; *Northern Pacific Railroad* v. *Austin*, 135 U. S. 315, 318; *Martin* v. *Baltimore & Ohio Railroad*, 151 U. S. 673, 688–691; *Connell* v. *Smiley*, 156 U. S. 335.

Undoubtedly, when the case, as stated in the plaintiff's declaration, is a removable one, the defendant should file his petition for removal at or before the time when he is required by the law or practice of the State to make any defence whatever in its courts. *Edrington* v. *Jefferson*, 111 U. S. 770; *Baltimore & Ohio Railroad* v. *Burns*, 124 U. S. 165; *Kansas City &c. Railroad* v. *Daughtry*, 138 U. S. 298; *Martin* v. *Baltimore & Ohio Railroad*, 151 U. S. 673, 686, 687.

But it by no means follows, when the case does not become

in its nature a removable one until after the time mentioned in the act has expired, that it cannot be removed at all.

In *Northern Pacific Railroad* v. *Austin,* 135 U. S. 315, where a plaintiff suing in an inferior court of a State had laid his damages at less than the sum necessary to authorize a removal into the Circuit Court of the United States and was permitted at the trial to increase the *ad damnum* above that sum, and judgment of the district court was affirmed by the highest court of the State, a writ of error to that court was dismissed by this court, solely because no application for removal had been made after the allowance of the amendment; and the Chief Justice, in delivering the opinion, said : " If the application had been made, the question would then have arisen whether it came too late under the circumstances. The defendant was not entitled to remove the suit, as originally brought, ' before or at the term at which such cause could be first tried, and before the trial thereof.' But the objection to removal, depending upon the absence of the jurisdictional amount, was obviated by the amendment. As the time within which a removal must be applied for is not jurisdictional, but modal and formal, *Ayers* v. *Watson,* 113 U. S: 594, 598, it may, though obligatory to a certain extent, be waived ; and as, where a removal is effected, the party who obtains it is estopped upon the question of the time, so, if the conduct of the plaintiff in a given case were merely a device to prevent a removal, it might be that the objection as to the time could not be raised by him." 135 U. S. 318.

The question whether a defendant may file, in the state court in which the suit was commenced, a petition for removal, after the time mentioned in the act of Congress has elapsed, in a case which was not removable when that time expired, is now directly presented for adjudication; and the answer to this question depends upon the terms and effect of the act in force when these proceedings took place.

In order to warrant a removal from a court of a State into a Circuit Court of the United States, according to the terms of that act, the necessary diverse citizenship or other foundation of the jurisdiction of the Circuit Court of the United States

must exist. It is only when that does exist, that "any party entitled to remove any suit" "may make and file a petition in such suit in such state court at the time, or at any time before the defendant is required by the laws of the State, or the rule of the state court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the Circuit Court to be held in the District where such suit is pending," and to give bond to file a copy of the record in that court "on the first day of its then next session." Act of March 3, 1887, c. 373, as corrected by act of August 13, 1888, c. 866; 25 Stat. 435.

This provision clearly manifests the intention of Congress that the petition for removal should be filed at the earliest possible opportunity. But, so long as there does not appear of record to be any removable controversy, no party can be entitled to remove it, and the provision of the act of Congress, that "any party entitled to remove any suit," "may make and file a petition for removal" at or before the time when he is required to make answer to the suit, cannot be literally applied. To construe that provision as restricting, to the time prescribed for answering the declaration, the removal of a case which is not a removable one at that time, would not only be inconsistent with the words of the statute; but it would utterly defeat all right of removal in many cases; as, for instance, whenever citizens of the same State as the plaintiff were joined as defendants through an honest mistake, not discovered by the plaintiff until after the time prescribed for answering; or whenever a personal injury was supposed, at the time of bringing an action therefor, to be a comparatively trifling one, which might be fully compensated by a sum much less than $2000, and was afterwards discovered to be so much graver, that there could be no doubt of the power and the duty of the court to allow an amendment increasing the *ad damnum*.

The reasonable construction of the act of Congress, and the only one which will prevent the right of removal, to which the statute declares the party to be entitled, from being defeated by circumstances wholly beyond his control, is to hold

that the incidental provision as to the time must, when necessary to carry out the purpose of the statute, yield to the principal enactment as to the right; and to consider the statute as, in intention and effect, permitting and requiring the defendant to file a petition for removal as soon as the action assumes the shape of a removable case in the court in which it was brought.

The result is that, when this plaintiff discontinued his action as against the individual defendants, the case for the first time became such a one as, by the express terms of the statute, the defendant railway company was entitled to remove; and therefore its petition for removal, filed immediately upon such discontinuance, was filed in due time.

A petition for removal, when presented to the state court, becomes part of the record of that court, and must doubtless show, taken in connection with the other matters on that record, the jurisdictional facts upon which the right of removal depends; because, if those facts are not made to appear upon the record of that court, it is not bound or authorized to surrender its jurisdiction, and if it does, the Circuit Court of the United States cannot allow an amendment of the petition, but must remand the case. *Crehore* v. *Ohio & Mississippi Railway*, 131 U. S. 240; *Jackson* v. *Allen*, 132 U. S. 27. But if, upon the face of the petition and of the whole record of the state court, sufficient grounds for removal are shown, the petition may be amended in the Circuit Court of the United States, by leave of that court, by stating more fully and distinctly the facts which support those grounds. *Carson* v. *Dunham*, 121 U. S. 421, 427; *Martin* v. *Baltimore & Ohio Railroad*, 151 U. S. 673, 690, 691.

In the case at bar, the second petition for removal, as presented to the state court, alleged that the petitioner was a citizen of the States of Virginia and West Virginia only, that the plaintiff was a citizen of the State of Kentucky, that Evans and Hickey had been fraudulently and improperly joined as defendants for the purpose of defeating the petitioner's right of removal, that because of their joinder the case had been remanded to the state court, and that the action,

having been discontinued against them, was now for the first time pending against the petitioner alone; and by the transcript, previously filed in the state court, of the record of the proceedings in the Circuit Court of the United States upon the first petition for removal, containing the opinion and order remanding the case, it appeared to have been admitted that the individual defendants were citizens of Kentucky.

It was thus made to appear, upon the record of the state court, that the case could not have been removed before, and that it had now become in its nature removable by reason of the diverse citizenship of the parties. Such being the case, it was rightly removed by the second petition for removal into the Circuit Court of the United States; and this petition was rightly permitted to be amended in that court.

The petition, as amended, distinctly alleged that Evans was a citizen of Virginia, that Boyer and Hickey were both citizens of Kentucky, and that by the discontinuance against them the action was for the first time pending against the railway company alone; and thus showed a case which the railway company was entitled to remove, independently of the allegations that these persons had been fraudulently joined as defendants to defeat the right of removal, and that the plaintiff was therefore estopped to deny that the second petition for removal was filed in time.

We do not find it necessary to pass upon the points of fraudulent joinder and of estoppel, made by the railway company, and upon which the Circuit Court of the United States proceeded in retaining jurisdiction of the case, because, for the reasons before stated, we are of opinion that, upon the true construction of the act of Congress, the petition, filed as soon as the case became a removable one, and before the railway company took any new steps in defence of the action, was seasonably filed; and that it sufficiently stated grounds for removal, and was therefore rightly permitted to be amended.

It is hardly necessary to add that the railway company, by making defence in the state court after that court had declined to surrender jurisdiction of the case, did not lose or

impair its right to insist that the case had been lawfully removed into the Circuit Court of the United States. The defendant, notwithstanding its objection, duly saved upon the record, to the jurisdiction of the state court, having been forced to a hearing in that court, is entitled to have the error in this respect corrected in any court having jurisdiction for the purpose. *Removal Cases,* 100 U. S. 457, 475.; *Edrington* v. *Jefferson,* 111 U. S. 770, 774.

*Judgment affirmed.*