# YANKAUS *v.* FELTENSTEIN ET AL.

ERROR TO THE CITY COURT OF NEW YORK CITY, STATE OF NEW YORK.

No. 407. Argued April 10, 1917.—Decided May 21, 1917.

The rule that an order of the District Court remanding a cause is conclusive of the right to remove (Jud. Code, § 28) and cannot be reviewed on writ of error to a subsequent judgment of the state court, applies also when the final judgment of the state court is rendered after the attempted removal and before the order of remand, if when the judgment is rendered the District Court has not assumed jurisdiction and assumes none later beyond enjoining further proceedings until the motion to remand may be decided.

Conduct of the plaintiffs in respect of proceedings in the state courts and District Court *held* not to have estopped them from contesting the jurisdiction of the latter after attempted removal, or to have waived their right to the conclusive effect of the order of remand.

Affirmed.

The case is stated in the opinion.

*Mr. Jesse C. Adkins,* with whom *Mr. Roger Foster* and *Mr. Frank J. Felbel* were on the briefs, for plaintiff in error.

*Mr. Jacob W. Hartman* for defendants in error, submitted.

MR. JUSTICE DAY delivered the opinion of the court.

This is a writ of error, bringing into review a judgment of the City Court of the City of New York and an order of that court denying a motion to set aside this judgment, and an order of the Appellate Term of the Supreme Court of the State of New York, which affirmed the order and judgment.

The action was brought in the City Court by Feltenstein and Rosenstein, hereinafter called the plaintiffs, to recover a contingent counsel fee of $500 from Yankaus, hereinafter called the defendant, and for loans of $200 and $100 respectively, in all the sum of $800. Summons and complaint were served on October 11, 1915. On October 16, 1915, the defendant filed in the office of the clerk of the City Court petition and bond for the removal of the cause to the United States District Court for the Southern District of New York. The bond was approved by a judge of the City Court. Notice of the intention to file petition and bond was served on the plaintiffs on October 15, 1915. The ground for removal was diversity of citizenship, and it was averred that the petitioner had a counterclaim exceeding the sum of $3,000, exclusive of interest and costs, and that therefore the matter and amount in dispute in the case exceeded that sum. On October 20, 1915, a certified copy of the record was filed in the office of the clerk of the United States District Court for the Southern District of New York, and an answer was filed setting up the invalidity of the agreements upon which plaintiffs' cause of action was based and asserting a counterclaim.

On October 16, 1915, plaintiffs moved in the City Court for an order setting aside the bond and the removal of the

cause to the United States District Court 'and directing that the City Court retain jurisdiction. This motion came on to be heard before a judge of the City Court on October 20, 1915, and resulted in an order setting aside the removal and determining that the action was not entitled to be removed. This decision was made upon the basis that the counterclaim could not be considered in determining the amount in dispute, in so far as to give the federal court jurisdiction. Judgment was entered on October 26, 1915, for plaintiffs. From this order and judgment appeal was taken to the Supreme Court, Appellate Term. Thereupon, the defendant moved in the United States District Court for the Southern District of New York for an order restraining the plaintiffs from proceeding to the enforcement of the judgment. The matter was heard before Judge Lacombe, sitting as District Judge, and on November 4, 1915, he issued an order restraining the plaintiffs until further order made on proper notice and motion to remand from in any way proceeding with or prosecuting their cause of action in the City Court or from collecting anything under any judgment entered therein. Subsequently plaintiffs moved in the United States District Court for the Southern District of New York for an order remanding the case to the state court. This motion came on for hearing before Judge Hough, who granted the motion to remand and an order remanding the cause to the City Court was made on the fifteenth day of November, 1915. The defendant afterward moved in the City Court to set aside the judgment rendered while it was alleged the suit was pending in the United States court, which motion was denied.

Appeal was thereupon taken to the Supreme Court, Appellate Term, and the judgment and the order setting aside the removal and declaring that the case was still in the City Court were both affirmed. Motion was made by the plaintiffs to dismiss the appeal upon the ground

that the order denying the defendant's motion to vacate the judgment had become academic by the affirmance of the order setting aside the removal. The appeal was dismissed by the Appellate Term. Defendant thereupon applied to the Appellate Term for leave to appeal to the Appellate Division from the order affirming the order of the City Court, setting aside the removal of the action, and from the judgment entered by the plaintiffs while the action was in the federal court, and also from the dismissal of the appeal from the order refusing to vacate this judgment. Both motions were denied. Defendant then applied to a Justice of the Appellate Division, First Department, for an order permitting him to take appeals, and these applications were denied. In these applications the defendant set forth that he had been denied rights asserted by him under the Constitution and statutes of the United States. Afterwards a writ of error was allowed from this court.

As we view this case, we think the judgment of the court below must be affirmed, as this proceeding is practically an attempt to review an order remanding a cause attempted to be removed to the District Court of the United States. Section 28 of the Judicial Code provides that "whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed." After the filing of the transcript in the United States District Court the matter came on for hearing before Judge Lacombe, and it was ordered that until the further order of the court the plaintiff should be enjoined and restrained from proceeding in the City Court, or from collecting in any manner any

judgment entered therein.   Accompanying this order Judge Lacombe wrote the following memorandum:

"Jurisdiction is too doubtful to warrant this court in retaining the cause. *Crane Co.* v. *Guanica Centrale,* 132 Fed. Rep. 713.   Plaintiff's proper course would have been to make a motion to remand.   This he may now do.   When such motion is made and granted the cause may proceed there; it is now here.   Plaintiffs in the meanwhile may be enjoined (until remand is made) from proceeding further in the State Court."

We think the effect of this order, read in the light of the opinion, simply manifested the purpose of the court to prevent proceedings while the question of the jurisdiction of the United States court was pending, and did not amount to a decision that that court had jurisdiction. It is true that an order of injunction was granted; but it is apparent from a reading of Judge Lacombe's memorandum that his purpose was merely to enable the District Court to hold the case until it decided the question of its jurisdiction.   Afterwards the motion came up in the United States District Court, in which an opinion was delivered by Judge Hough, wherein he said:

"When this matter was argued the record on removal was not in court.   If it had been the motion would not have been held until now.   The opinion of Judge Lacombe in *Crane Co.* v. *Guanica Centrale,* 132 Fed. Rep. 713, merely states what for many previous years had been the practice of this Court,—i. e. doubtful cases were always remanded.

"Rulings of this nature are admittedly unsatisfactory. Counsel and parties are entitled to a clear-cut statement of the law if it is possible to make one;—and it would seem as if the removal acts were sufficiently old by this time to enable a court to select what appeared to be the best of conflicting rules.

"Since no case (irrespective of amount involved) can

be removed over which the United States Court might not have had original jurisdiction, it has always seemed to me illogical to consider a counterclaim in ascertaining the propriety of removal or remand.

"In the State of New York there is no compulsion on a defendant to set-up a counterclaim. It is always optional with the party possessing it to reserve his affirmative demand for an independent suit.

"Imagine this action brought originally in this Court; the defendant would only have been obliged to appear and move on the pleadings to dismiss the complaint without prejudice. Such a motion would have been granted as of course.

"Thus it appears that an action of the most trifling nature may (under defendant's contention) be removed to this Court at the option of defendant if he can assert a counterclaim of sufficient size. That this was never the intent of the statute I am clear. Considering, however, the confusion of decisions and (so far as I know) the failure of late years to observe the difference between the Act of 1875 and that of 1888, I should have felt impelled to consider and classify decisions were it not for the consideration next to be stated. If it be true that by a preponderance of rulings the affirmative claims set up in an answer are to be considered in determining jurisdiction, it is at least necessary that somewhere and in some shape the defendant who sets up counterclaims shall plead them in a manner which enables his opponent to criticise them, modify them or expunge them as may be proper under the rules of good pleading.

"In this case,—and in any similar case under the Act of 1888 there is no answer. The only knowledge that to this moment plaintiff has regarding defendant's counterclaim is contained in the petition for removal,—the language of which petition sets forth no reason whatever for the recovery by the defendant from the plaintiff of any

sum of money at all. The petition says in substance that the defendant has a counterclaim, without stating what it is. Whatever may be the preferred rule, when in a proper and formal manner the amount in controversy between the parties is made to appear and shown to exceed $3,000 exclusive of interest and costs;—I feel justified in holding, and do hold, that it is impossible to show that such controversial amount exists in any such manner as this defendant has attempted."

For the reasons stated, the case was remanded to the City Court. We think these orders, with the accompanying memoranda and opinion, taken together, show that the District Court denied its jurisdiction, and remanded the cause to the City Court. In this attitude of the case, the judgment of the state court must stand, as the effect of the orders of the District Court was to hold the attempted removal unauthorized. This court has more than once held that such an order is not subject to review, directly or indirectly, but is final and conclusive. *Missouri Pacific Ry. Co.* v. *Fitzgerald,* 160 U. S. 556, 580–583; *McLaughlin Brothers* v. *Hallowell,* 228 U. S. 278, 286; *Pacific Live Stock Co.* v. *Oregon Water Board,* 241 U. S. 440, 447.

Nor are we able to find anything in the conduct of the plaintiffs estopping them from contesting the jurisdiction of the federal court, or amounting to a waiver of their right to the benefit of the judgment remanding the case from the District Court.

It follows that the judgment of the City Court of the City of New York must be

*Affirmed.*

MR. JUSTICE PITNEY concurs in the result.