78

## NATIONAL FARMERS' BANK OF OWATONNA, MINN., et al. v. MOULTON.

Circuit Court of Appeals, Eighth Circuit.
March 20, 1929.

No. 8324.

See, also, 31 F.(2d) 1018.

John F. D. Meighen and Meighen, Knudson & Sturtz, all of Albert Lea, Minn., and Sawyer, Gausewitz & Lord, of Owatonna, Minn., for appellants.

Moonan & Moonan and Gallagher, Madden & Gallagher, all of Waseca, Minn., for appellee.

Before STONE and KENYON, Circuit Judges, and JOHNSON, District Judge.

STONE, Circuit Judge. Appellee files herein his motion for dismissal of the appeal supported by statement of facts in an affidavit. There is no dispute as to the facts or situation.

Appellee filed an action in a state court of Minnesota against appellant. Two attempts to remove the case to the federal court resulted in orders of the state court denying the removal, whereupon appellants filed, in the United States District Court for Minnesota, a transcript of the proceedings in the state court and, shortly thereafter applied for an injunction to restrain appellee and his counsel from proceeding in the state court with the case. The application for temporary injunction was denied July 2, 1928. Thereafter, appellee filed a motion to remand the case to the state court, and, during the pendency thereof, appellants perfected this appeal from the order denying the temporary injunction. Shortly thereafter, the District Court made an order remanding the case to the state court. The sole grounds urged in favor of the injunction were that the case was properly removable and removed into the United States court, and therefore the further proceedings in the state court should be prevented.

Appellee here urges two reasons why the motion to dismiss this appeal should prevail. The first is that the statute (USCA tit. 28, § 71) prohibits any review of an order remanding a case sought to be removed. The second is that the matters involved in the present appeal have become moot because, the case having been remanded, and there being no review thereof, and the sole purpose of the injunction sought being to prevent proceedings in the state court in violation of a lawful removal, no relief could result to appellants, even though the order appealed from, be reversed.

The position of appellants is that the District Court was without jurisdiction to make the order remanding the case because this appeal, which involved the jurisdiction of the court on removal, had been perfected, and the trial court could not, pending disposition of this appeal, make any orders which would disturb the situation involved in the appeal.

Appellee is right for both of the above reasons advanced by him. To permit an appeal from an order of this character is almost a direct and certainly is an indirect review of the right of the trial court to remand the cause. The situation is entirely different from one where the jurisdiction of the United States court is unchallenged or has been sustained and the case held therein. The Supreme Court has repeatedly held that the

statute cannot be avoided by indirection and a review of an order to remand secured in violation thereof. Gurnee v. Patrick County, 137 U. S. 141, 11 S. Ct. 34, 34 L. Ed. 601; Pacific Live Stock Co. v. Lewis, 241 U. S. 440, 447, 36 S. Ct. 637, 60 L. Ed. 1084; Yankaus v. Feltenstein, 244 U. S. 127, 133, 37 S. Ct. 567, 61 L. Ed. 1036.

It may be observed that the order involved in this appeal was not one either remanding the case or one retaining jurisdiction thereof. Therefore there is no reason why this appeal should in anywise affect the right of the District Court to act upon a motion to remand. This being so, the trial court had jurisdiction, pending this appeal, to pass upon a motion to remand. This it did, sustaining the motion and remanding the case to the state court. The case is now there with full jurisdiction in the state court to adjudicate the merits thereof. As the only ground urged for the temporary injunction was that proceedings in the state court should be stayed because the case was properly removed into the federal court and the jurisdiction of the latter court should not be interfered with, there is obviously no relief possible for appellants, even if the order involved in this appeal should be considered by this court and the order appealed from reversed. Therefore everything involved in this appeal has become finally moot.

The motion should be and is sustained, and the appeal dismissed.