## CITY OF WACO, TEX., v. UNITED STATES FIDELITY & GUARANTY CO. et al.

### No. 7045.

Circuit Court of Appeals, Fifth Circuit.

Dec. 11, 1933.

Rehearing Denied Jan. 13, 1934.

John McGlasson, of Waco, Tex., for appellant.

W. W. Naman, of Waco, Tex., and Chas. I. Francis, of Wichita Falls, Tex., for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Curtis Boggs, a citizen of Texas, sued Combs & Glade, contractors, both citizens of Texas, and the city of Waco, for damages received from running his car into an obstruc-

tion in a public street. The city by cross-action, as permitted by the Texas practice, vouched in the United States Fidelity & Guaranty Company, a citizen of Maryland, surety on the bond of Combs & Glade, alleging its obligation as surety to pay any liability created against the city by the acts of the contractors, and praying that if upon final trial plaintiff have judgment against the city, the city have judgment over against the Fidelity Company for a like amount. On the ground that a separable controversy existed, the Fidelity Company removed the cause to the federal court.

Plaintiff contested the removal in the state court, and on March 13 moved in the federal court for a remand. The motion denied the existence of a separable controversy, and therefore the removability of the suit, on the grounds: (1) That the removing defendant having come into the cause, not at the suit of plaintiff, but on the cross-action of a defendant, no separable controversy existed. (2) That there was improper joinder in bringing the Fidelity Company into the suit by cross-action of the city; (3) that the cross-action and the removal proceedings were collusively filed to defraud the state court of its jurisdiction; (4) that the controversy asserted by the cross-action was not in its nature separable, but was ancillary and incidental to the main suit, judgment in it being dependent on plaintiff's obtaining judgment in the main suit. The prayer was that the entire cause be remanded, and in the alternative, that the cross-action of the city be dismissed and the balance of the action remanded.

The District Judge disposed of these prayers in a single order. He first denied the prayer that the entire cause be remanded; then finding the Fidelity Company to be an improper and an unnecessary party to plaintiff's cause of action, he granted plaintiff's motion to dismiss as to it, and finding further that the granting of that motion left the court without jurisdiction of the cause, ordered the plaintiff's suit against the city of Waco remanded and the cross-complaint of the city against the Fidelity Company dismissed.

The city of Waco excepted to the whole judgment and gave notice of appeal. Its petition for appeal, however, limited the appeal to that portion of the order purporting, after the cause had been remanded, to dismiss the cross-action.

■ An order sustaining the demurrer to and striking out a pleading, or dismissing a cause of action, is ordinarily appealable. Floody v. Chicago, St. P., M. & O. R. Co., 104 Minn.

132, 116 N. W. 111; Major Ruff v. Gay, Recev. (C. C. A.) 67 F.(2d) 684.

■■ The order complained of here would be, but for the fact that the entry of the remanding order rendered the order appealed from ineffective for want of jurisdiction, made moot all further proceedings in the federal court, and left the cause to stand and continue in the state court as though it had not been removed. Hammond Hotel & Imp. Co. v. Finlayson (C. C. A.) 6 F.(2d) 446; Wabash R. Co. v. Lindley (C. C. A.) 29 F.(2d) 829; National Farmers' Bank v. Moulton (C. C. A.) 32 F.(2d) 78; Floody v. Chicago, St. P., M. & O. R. Co., 104 Minn. 132, 116 N. W. 111; Levinski v. Middlesex Banking Co. (C. C. A.) 92 F. 449. And this is true whether abstractly the order of remand was rightly or wrongly entered. In re Matthew Addy S. S. & Commerce Corp., 256 U. S. 417, 41 S. Ct. 508, 65 L. Ed. 1027. For by statute that order is conclusive on state and federal courts, and neither may in any way or at any time question it, or examine into its grounds. Howell v. Hartford Acc. & Ind. Co., 160 S. C. 549, 159 S. E. 380; Powers v. Chesapeake & O. R. Co., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673. Relief against it can be had neither by appeal, Humphreys v. Love (C. C. A.) 61 F.(2d) 908; nor by mandamus, Wabash R. Co. v. Woodrough (C. C. A.) 29 F. (2d) 832; In re Matthew Addy S. S. & Commerce Corp., supra. The mandate of the statute, that an order of remand shall be final, so that neither directly nor by any form of indirection, either it or the grounds on which the order was based may be reviewed, is absolute and comprehensive. Gurnee v. Patrick County, 137 U. S. 144, 11 S. Ct. 34, 34 L. Ed. 601; Yankaus v. Feltenstein, 244 U. S. 133, 37 S. Ct. 567, 61 L. Ed. 1036; Chicago, St. P., M. & O. R. Co. v. Hensley (C. C. A.) 25 F.(2d) 861; Marchant v. Mead-Morrison Mfg. Co. (C. C. A.) 11 F.(2d) 368; Pacific Live Stock Co. v. Lewis, 241 U. S. 440, 36 S. Ct. 637, 60 L. Ed. 1084.

This is so whether the attempt is, as it was in Marchant v. Mead-Morrison Mfg. Co. (C. C. A.) 29 F.(2d) 40, to have a second try at a review, c/f McLaughlin Bros. v. Hallowell, 228 U. S. 278, 33 S. Ct. 465, 57 L. Ed. 835, or as was the case in Wabash R. Co. v. Lindley (C. C. A.) 29 F.(2d) 829, merely an ingenious first effort to secure an indirect review of the remand order, by coupling it with other proceedings connected with or leading up to it.

Because, then, it appears on the face of the appeal papers that there is now no case pending in the federal court, that all matters concerning the entire controversy, both those presented by the cross-bill, and those presented by the main suit are now, because of the remand, pending in the state court and for its action, unaffected by the attempt of the federal court to dismiss the city's cross action, that the matters involved in this appeal are moot, and that this is an effort, by indirection, to review the grounds of the order of remand, the appeal is dismissed.