### OLSEN v. JACKLOWITZ et al.

### No. 5484.

District Court, E. D. New York.

March 22, 1934.

Richard M. Cantor, of New York City, for plaintiff.

Arthur Taft, of New York City, for defendant Pearl Jacklowitz.

James J. Mahoney, of New York City, for defendant Shell Eastern Petroleum Products, Inc.

MOSCOWITZ, District Judge.

The plaintiff, George Olsen, instituted a personal injury action against both defendants by reason of the carelessness and recklessness of the defendants, as a result of which he sustained personal injuries.

The complaint alleges that the plaintiff is a citizen and resident of the borough of Brooklyn, city and state of New York, in the Eastern District of New York. The defendant Pearl Jacklowitz is also a citizen and resident of the state of New York. The defendant Shell Eastern Petroleum Products, Inc., is a foreign corporation duly organized and existing under and by virtue of the laws of the state of Delaware, and maintaining an office and doing business at 420 Oakland street, in the borough of Brooklyn, city and state of New York, within the Eastern District of New York.

Subsequently, both defendants were served in this action, joined issue, and came on for trial before this court on the 3d day of November, 1933. All parties to the action duly appeared by counsel and proceeded to trial. The jury rendered two verdicts, one in favor of the plaintiff, George Olsen, against the defendant Pearl Jacklowitz in the sum of $4,000, and the other in favor of the defendant Shell Eastern Petroleum Products, Inc., against the said plaintiff. No motion was made by either of the defendants challenging the jurisdiction of this court.

After judgment against the defendant Pearl Jacklowitz, she moved this court for an order setting aside the judgment on the ground that the court had no jurisdiction. The plaintiff joins the defendant Jacklowitz in moving to set aside the verdict, agreeing with counsel for the defense that the court had no jurisdiction. However, the defendant Shell Eastern Petroleum Products, Inc., claims that the action against the defendants is severable and separable, and therefore asks for a severance from the above-entitled action.

The complaint in this case alleges a joint liability against both these defendants, and the defendant Shell Eastern Petroleum Products, Inc., cannot seek to make separable that which the plaintiff seeks to make joint. Powers v. Chesapeake & Ohio Railway Co., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673.

The federal court is of limited jurisdiction. If diversity of citizenship is lacking between the parties, that is a jurisdictional defect and cannot be waived. The want of it

would be an error at any stage of the proceedings. Chicago, Burlington & Quincy Railway Co. v. Willard, 220 U. S. 413, 31 S. Ct. 460, 55 L. Ed. 521; Martin's Adm'r v. Baltimore & Ohio Railroad Co., 151 U. S. 673, 14 S. Ct. 533, 38 L. Ed. 311; Mansfield C. & L. M. Railroad Co. v. Swan, 111 U. S. 379, 4 S. Ct. 510, 28 L. Ed. 462; De Vost v. Twin State Gas & Electric Co. et al. (C. C. A.) 250 F. 349.

The judgment against Pearl Jacklowitz is set aside and the judgment in favor of Shell Eastern Petroleum Products, Inc., is set aside on the ground of lack of jurisdiction, and the complaint is dismissed.

Settle order on notice.