## THOMPSON v. KELLY et al.

### No. 13706.

United States Court of Appeals
Eighth Circuit.

Oct. 20, 1948.

Yale C. Holland, of Omaha, Neb. (J. A. C. Kennedy, G. L. DeLacy and R. E. Svoboda, all of Omaha, Neb., on the brief), for appellant.

George I. Craven, of Lincoln, Neb., argued case orally, for appellees.

Before SANBORN, THOMAS, and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

The appellant seeks a review of an order of the United States District Court for the District of Nebraska remanding this case to the State District Court of Lancaster County, Nebraska, from which it was removed on the ground of diversity of citizenship. The appellant has appealed from the order of remand and has also peti-

tioned this Court for a writ of mandamus to compel the federal district court to vacate its order and to hear and decide the case on the merits.

The order of remand was entered January 16, 1948, upon the District Court's own initiative, but after consideration of the question of its jurisdiction. The order, so far as material reads as follows:

"Upon due consideration, the court finds that this cause has been improperly removed to this court and should be remanded.

"It Is, Therefore, Ordered:

"1. That this cause be and it hereby is remanded to the District Court of Lancaster County, Nebraska, from which it has heretofore been removed to this court."

The applicable statute is § 71 of Title 28 U.S.C.A.,[1] the pertinent portion of which reads as follows: "* * * Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed."

It has been so consistently and persistently held that this statute precludes any review by appeal, mandamus or otherwise of an order of a federal district court remanding a case to a State court on the ground that it was improperly removed, that no useful purpose can possibly be served by discussing the nature of the instant case, the proceedings had in the federal district court, or the reasons which prompted it to enter the order of remand.

In the case of Wabash Ry. Co. v. Woodrough, 8 Cir., 29 F.2d 832, the United States District Court for the District of Nebraska, on its own motion, had entered an order of remand of a removed case. The Railway Company sought a writ of mandamus from this Court to compel the district court to set aside its order and to retain and exercise jurisdiction of the case. The contention of the petitioner in that case was that it was not asking for a review of the order of remand, but of the action of the court in making the order on its own motion and without taking testimony on certain issues of fact raised by the removal petition. This Court said at page 833 of 29 F.2d: "The court (District Court) had jurisdiction of the parties and of the subject-matter of removal, it was in duty bound to pass upon the question of its jurisdiction to retain the case, it gave the matter consideration, it decided that the removal was unauthorized, and it remanded the case. The order was one which the court was authorized to make. That action was final and conclusive, and is not open to review either directly or indirectly, either as to the exact question to be passed upon or as to the result. Missouri Pac. Ry. v. Fitzgerald, 160 U.S. 556, 580-583, 16 S.Ct. 389, 40 L.Ed. 536; McLaughlin Bros. v. Hallowell, 228 U.S. 278, 33 S.Ct. 465, 57 L.Ed. 835; Pacific Live Stock Co. v. Lewis, 241 U.S. 440, 36 S.Ct. 637, 60 L.Ed. 1084; Yankaus v. Feltenstein, 244 U.S. 127, 37 S.Ct. 567, 61 L.Ed. 1036."

See, also, Chicago, St. P., M. & O. Ry. Co. v. Hensley, 8 Cir., 25 F.2d 861; Wabash Ry. Co. v. Lindley, 8 Cir., 29 F.2d 829, 831; National Farmers' Bank of Owatonna, Minn. v. Moulton, 8 Cir., 32 F.2d 78; City of Waco, Tex. v. United States Fidelity & Guaranty Co., 5 Cir., 67 F.2d 785; Mutual Life Ins. Co. of New York v. Holly, 7 Cir., 135 F.2d 675.

In Metropolitan Casualty Insurance Co. v. Stevens, 312 U.S. 563, 568, 61 S.Ct. 715, 718, 85 L.Ed. 1044, the Supreme Court said: "However, the issue of removability is closed if the federal district court refuses to assume jurisdiction and remands the cause. * * *"

See, also, Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, 378-381, 57 S.Ct. 273, 81 L.Ed. 289; United States v. Rice, 327 U.S. 742, 751, 66 S.Ct. 835, 90 L.Ed. 982; and 45 Am.Jur., Removal of Causes, § 226, p. 967.

The appellant contends that the order of remand here in question should be treated not as what it purports to be, but as a refusal of the District Court to hear and de-

---

[1] Prior to revision effective Sept. 1, 1948.

termine a case of which it had acquired undoubted jurisdiction. Every order of remand made by a federal district court is necessarily a refusal to exercise jurisdiction over the case which is remanded, and, whether the order of remand was rightfully or wrongfully entered, it is not reviewable. The order has the immediate effect of transferring jurisdiction of the case to the State court from which it was removed. National Farmers' Bank of Owatonna, Minn. v. Moulton, supra, 32 F.2d 78, at page 79. After remand, any further controversy as to the removability of the case becomes purely academic.

The appeal is dismissed for want of jurisdiction, and the petition for mandamus is denied.