James Albert **POINDEXTER** and Peggy Jean Poindexter, Plaintiffs,

v.

**GROSS & JANES COMPANY, Defendant.**

Civ. A. No. 839.

United States District Court
W. D. Arkansas,
El Dorado Division.

Nov. 6, 1958.

Brown & Compton, El Dorado, Ark., for plaintiffs.

Leffel Gentry, Little Rock, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

On October 30, 1958, the defendant filed its motion praying "that the Court set aside its Order heretofore rendered on the 14th day of October, 1958, remanding this cause of action to the Circuit Court of Ouachita County, Arkansas, and that the defendant be granted leave to amend its answer heretofore filed in this cause so as to allege therein the true facts as to where the defendant's principal place of business is located, and to deny that its principal place of business is located at Camden, Arkansas."

On September 15, 1958, the plaintiffs filed their complaint in the Circuit Court of Ouachita County, Arkansas, Second Division, against the defendant, and alleged in paragraph one (1) of their complaint that they are husband and wife and are citizens of Arkansas and reside in the City of Camden, Ouachita County, Arkansas; "that the defendant is a Missouri corporation, authorized to do, and doing business in the State of Arkansas, *with an office at Camden, Arkansas, which is their principal place of business.*"

The plaintiffs further alleged that on or about July 1, 1958, their minor son, James Robert Poindexter, received severe injuries which resulted in his death, and that the injuries were solely and proximately caused by the negligence and carelessness of the defendant. Then follow allegations of the specific acts of negligence, and they seek to recover from defendant $150,000 in damages because of the alleged negligence of the defendant.

On October 6, 1958, the defendant filed its petition for removal. The only ground for removal is contained in para-

graph 1 of the petition, which reads as follows:

"The defendant states that the cause of action alleged by the plaintiffs is of a civil nature at law of which the District Courts of the United States have jurisdiction; that it involves One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs; that at the time of the commencement of this suit and at the present time, the plaintiffs were, and are, citizens and residents of Arkansas, and the defendant was, and is, a citizen and resident of Missouri."

Also on October 6, 1958, the defendant filed its answer. In paragraph 1 of its answer the defendant "admits the allegations of paragraphs one, two and three of the complaint."

On October 7, 1958, the plaintiffs filed their motion to remand in which they alleged, inter alia:

"That the defendant has filed herein its Petition for Removal, and stated as grounds therefor that the plaintiffs were and are citizens and residents of Arkansas and that the defendant was and is a citizen and resident of Missouri.

"That the Complaint filed herein alleges in Paragraph No. I that 'The defendant is a Missouri Corporation, authorized to do and doing business in the State of Arkansas, with an office at Camden, Arkansas, which is their principal place of business.' "

It was further alleged in the motion to remand that the defendant by its answer admitted that the defendant's principal place of business is in Camden, Ouachita County, Arkansas, and that although the defendant is a corporation organized and existing under the laws of the State of Missouri that under the allegations of the complaint and the admissions of the answer the principal place of business of the defendant is in the State of Arkansas, which is the residence of the plaintiffs, and that the Court has no jurisdiction of

the cause and the same should be remanded to the Circuit Court of Ouachita County from which it was removed.

On October 14, 1958, the Court considered the motion to remand and on that date wrote the attorney for the defendant and the attorneys for the plaintiffs a letter, and filed a copy of the said letter with the Clerk. In accordance with the letter, an order was entered granting the motion to remand and remanding the case to the state court. In the letter the court called the attention of the attorneys to Public Law 85-554, 85th Congress, approved July 25, 1958, and particularly to Subsection (c) of Section 2 of the Act, 72 Stat. 415, and then stated:

"The petition for removal was filed October 6, 1958, and alleges that the plaintiffs are seeking to recover an amount in excess of $10,-000, exclusive of interest and costs, and 'that at the time of the commencement of this suit and at the present time, the plaintiffs were, and are, citizens and residents of Arkansas, and the defendant was, and is a citizen and resident of Missouri.' Thus it will be seen that the petition for removal by failing to deny the allegation in the complaint that the principal place of business of the defendant corporation is in Arkansas admits the truth of such allegation in the complaint, and there is no question of fact presented by the petition for removal, and it becomes a question of law as to whether this court has original jurisdiction of the case as stated in the complaint of the plaintiffs.

"It is clear that the court does not have original jurisdiction of the case as stated in the complaint. The requisite jurisdictional amount exists, but the requisite diversity of citizenship does not exist, and the motion to remand should be granted."

In the motion to set aside the order of remand, the defendant alleges:

"The principal place of business of the defendant is not Camden,

Arkansas, * * * and paragraph one of the answer of the defendant heretofore filed in this cause admitting the allegations of paragraph one of the complaint was not intended to admit that the defendant's principal place of business is at Camden, Arkansas. The allegations of paragraph one of the complaint are ambiguous and could be construed to mean that the plaintiff had alleged that Camden, Arkansas is the principal place of business of the defendant in Arkansas, and the answer of the defendant as heretofore filed in this cause was only so intended."

The court granted the motion to remand on the ground that the cause had been improperly removed. In the consideration of the motion to remand, the court considered the allegations contained in the complaint and the petition for removal to determine whether there was diversity of citizenship. It was alleged in the complaint that the principal place of business of the defendant corporation was in Camden, Arkansas, and that allegation was not denied in the petition for removal.

In Doggett v. Hunt, D.C.D.D.Ala.1950, 93 F.Supp. 426, the court said at page 427:

"Upon examination of the sections on removal of causes in such standard texts as Cyclopedia of Federal Procedure (2nd Ed.), Hughes' Federal Practice, and Corpus Juris, together with the authorities cited therein and the numerous decisions referred to by plaintiffs and defendant, one principle stands out clearly: the right of removal is determined, basically, from the allegations *on the face of the record as a whole at the time the petition for removal is filed,* for it is the state of facts appearing of record at that time which determines whether or not, under the applicable statutes, 28 U.S.C.A. §§ 1332, 1441(a), 1446, 1447, the federal court can take jurisdiction from the state court."

In the motion to set aside the order remanding the cause, the defendant does not refer to the fact that it failed to deny the allegation in the complaint but does refer to the admission that it made in the answer filed on the same date that the petition for removal was filed, and states that it did not intend by filing the answer to admit that the principal place of business of the defendant corporation was at Camden, Arkansas.

The motion of defendant is supported by an affidavit of Francis L. Gross in which he states that the principal place of business of the corporation is in the State of Missouri and not in the State of Arkansas.

No new ground for removal has arisen since the order remanding the cause was entered, and only one removal is permitted on the same grounds unless some act of the plaintiff presents new grounds after removal. In Jones v. Mosher, 8 Cir., 107 F. 561, the court held that once remand is made, the petition for removal is "functus officio."

In United States v. Rice, 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982, the court held that when remand is made, jurisdiction of the federal court is fully divested and the state court acquires sole jurisdiction. At page 749 of 327 U.S., at page 838 of 66 S.Ct., in discussing the effect of an order remanding a cause to the state court, the Court said:

"Each loses, by the order, such right as there may be to litigate the case in the federal courts on removal, but both retain such rights as they may have to continue the litigation in the state court or to bring an independent suit in the federal courts."

In the case of City of Waco, Texas, v. United States Fidelity & Guaranty Company, 5 Cir., 1933, 67 F.2d 785, the trial court dismissed a cross complaint of one of the several parties and at the same time remanded the suit against the City of Waco to the state court. At page 786 of 67 F.2d the court said:

"The order complained of here would be [appealable], but for the

fact that the entry of the remanding order rendered the order appealed from ineffective for want of jurisdiction, made moot all further proceedings in the federal court, and left the cause to stand and continue in the state court as though it had not been removed. Hammond Hotel & Imp. Co. v. Finlayson, 7 Cir., 6 F. 2d 446; Wabash R. Co. v. Lindley, 8 Cir., 29 F.2d 829; National Farmers' Bank of Owatonna, Minn. v. Moulton, 8 Cir., 32 F.2d 78; Floody v. Chicago, St. P., M. & O. R. Co., 104 Minn. 132, 116 N.W. 111; Levinski v. Middlesex Banking Co., 5 Cir., 92 F. 449. And this is true whether abstractly the order of remand was rightly or wrongly entered. In re Matthew Addy Steam Ship & Commerce Corp., 256 U.S. 417, 41 S.Ct. 508, 65 L.Ed. 1027. For by statute that order is conclusive on state and federal courts, and neither may in any way or at any time question it, or examine into its grounds. Howell v. Hartford Accident & Indemnity Co., 160 S.C. 549, 159 S.E. 380; Powers v. Chesapeake & O. R. Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673. Relief against it can be had neither by appeal, Humphreys v. Love, 5 Cir., 61 F.2d 908; nor by mandamus, Wabash R. Co. v. Woodrough, 8 Cir., 29 F.2d 832; In re Matthew Addy Steam Ship & Commerce Corp., supra. The mandate of the statute, that an order of remand shall be final, so that neither directly nor by any form of indirection, either it or the grounds on which the order was based may be reviewed, is absolute and comprehensive. Gurnee v. Patrick County, 137 U.S. [141] 144, 11 S.Ct. 34, 34 L.Ed. 601; Yankaus v. Feltenstein, 244 U.S. 127, 133, 37 S.Ct. 567, 61 L.Ed. 1036; Chicago, St. P., M. & O. R. Co. v. Hensley, 8 Cir., 25 F.2d 861; Marchant v. Mead-Morrison Mfg. Co., 2 Cir., 11 F.2d 368; Pacific Live Stock Co. v.

Lewis, 241 U.S. 440, 36 S.Ct. 637, 60 L.Ed. 1084."

■ Ordinarily a court has inherent power to vacate or modify its own orders upon a timely application for such order, but because of the rule that the federal court loses jurisdiction after remand and the petition for removal becomes "functus officio", the court is without jurisdiction to set aside an order remanding the cause to the state court. Particularly is this true if the state court has been notified of the entry of the order remanding the case to it. Bucy v. Nevada Construction Co., 9 Cir., 1942, 125 F.2d 213. The record shows that the Clerk of this Court filed a certified copy of the order with the Clerk of the Circuit Court of Ouachita County, Arkansas, on October 14, 1958, the date of its entry.

In Ausbrooks v. Western Union Telegraph Co., D.C.Tenn.1921, 282 F. 733, 734, the court said:

"The remanding order entered herein, providing that this cause 'be, and is, remanded to the Circuit Court of Davidson County,' having ex propria vigore reinvested the State Court with jurisdiction, necessarily terminated the jurisdiction of this court. And having thus lost jurisdiction of the cause, it is now without authority to vacate the remanding order. 34 Cyc. 1327. The general power of a court to remand or vacate orders, judgments and decrees at any subsequent day of the term at which they were rendered, does not extend to cases in which the jurisdiction of the court has been completely exercised and its authority ended. Ex parte Lange, 18 Wall. 163, 178, 21 L.Ed. 872."

28 U.S.C.A. § 1447(c), provides that a certified copy of the order of remand shall be mailed by the clerk of the federal court to the clerk of the state court, and that the state court may thereupon proceed with such case.

Section 1447(d) provides:

"An order remanding a case to the State court from which it was

removed is not reviewable on appeal or otherwise."

In Travelers Protective Association of America v. Smith, 4 Cir., 1934, 71 F.2d 511, Judge Parker, writing for that court at page 513, said:

"The rule that an order remanding a case to the state court on the ground of improper removal may not be vacated (Ausbrooks v. Western Union Telegraph Co., D.C.Tenn., 282 F. 733) would not apply if the order was not made on the ground of improper removal so as to bring it under the provision of section 28 of the Judicial Code from which we have quoted, and if the order has not been executed. Empire Mining Co. v. Propeller Towboat Co. of Savannah, 4 Cir., 108 F. 900, 904. If the order has been executed by certificate to the state court, the question will arise as to whether the court below has not lost jurisdiction of the cause. Empire Mining Co. v. Propeller Towboat Co., 59 S.C. 549, 38 S.E. 156."

It thus seems that the Fourth Circuit made a distinction because of the grounds on which the order of remand was based. In Moulding-Brownell Corp. v. Sullivan, 7 Cir., 1937, 92 F.2d 646, 114 A.L.R. 1471, the Court discussed the case of Travelers Protective Association of America v. Smith, supra, as well as many other cases, and reached the conclusion that it was the intention of Congress to prohibit a review, not only by appeal or writ of error, but by mandamus as well, of the action of a district court in remanding a cause to the state court, and this irrespective of whether the case was remanded on jurisdictional or procedural grounds. See, also, Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, 57 S.Ct. 273, 81 L.Ed. 289; Moore's Commentary on the U. S. Judicial Code, Section 43, pages 280–288.

As heretofore stated, a certified copy of the order of remand was mailed to the Clerk of the State Court. The entry of the order of remand and the mailing of a certified copy to the state court completely divested this court of jurisdiction and reinvested the state court with jurisdiction to proceed, and since nothing has occurred since that time to give the defendant a right to remove the case, the court is without jurisdiction to set aside the order of remand, and the motion of defendant should be overruled. An order overruling the motion of the defendant to set aside the order of remand is being entered today.