## EDRINGTON v. JEFFERSON & Another.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF ARKANSAS.

Argued April 24th, 25th, 1884.—Decided May 5th, 1884.

*Removal of Causes.*

When all the defendants in a cause in a State Court have appeared and answered, without filing counter claims or raising new issues, the cause is ready for trial and can be tried within the meaning of § 3 of the Act of March 3, 1875, 18 Stat. 471.

When a cause is at issue and ready for trial in a State Court, and the limitation provisions of the Removal Act of March 3, 1875, take effect, the right of removal is not revived by subsequent amendments of the pleadings, by leave of court, which make new issues, nor by the appearance of new parties whose interests are represented by a party previously in the record.

When a cause is improperly removed from a State Court and a motion to remand it is overruled, that judgment is error which may be corrected here.

The facts are fully stated in the opinion of the court.

*Mr. A. H. Garland (Mr. U. M. Rose* was with him) for appellant.

*Mr. D. E. Myers (Mr. William M. Sneed* was with him) for appellees.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

In the view we take of this case, it is only necessary to consider the following facts :

James H. Edrington and J. T. Jefferson were partners in business at Memphis, Tennessee. Upon the dissolution of the firm, on or about the 19th of March, 1874, Edrington and his wife, who is the appellant in this case, conveyed certain lands in Arkansas, known as the Whitmore and Fain plantations, to John W. Jefferson, a brother of J. T. Jefferson, in trust to secure the payment of fourteen notes, amounting in the aggregate to $28,754.21, executed by James H. Edrington to the trustee for the benefit of some of the creditors of the firm whose names were set out in a schedule attached. By the

terms of the trust, the trustee was empowered to advertise and sell the property, if default should be made in the payment of the notes. James H. Edrington died on the 12th of August, 1874, having made a will, by which he devised his property to his widow, for certain purposes, and appointed her the executrix. The will was admitted to probate, and letters testamentary granted to Mrs. Edrington on the 31st of August.

On the 2d of December, 1874, John W. Jefferson, the trustee, advertised the trust property for sale on the 21st of January, 1875, for default in the payment of the notes. On the 11th of December, Mrs. Edrington, in her own right and as executrix, began this suit in the Circuit Court of Mississippi County, Arkansas, against John W. Jefferson, the trustee, John Matthews, George W. L. Crook, and Emily R. Hazard and John Hazard, administrators of James H. Hazard, deceased, to enjoin the sale and obtain a settlement of the partnership accounts, the allegations being, among others, that the deed of trust was procured by the fraud of J. T. Jefferson, when James H. Edrington was sick and incapable of transacting business, and that in equity J. T. Jefferson should pay the debts secured thereby. Matthews, and the representatives of James H. Hazard, were made parties as the holders of prior incumbrances on the trust property. Among other allegations in the bill was one to the effect that the trustee advertised the sale at the instigation of J. T. Jefferson, rather than of the creditors who were the beneficiaries under the trust. On the filing of the bill, a preliminary injunction was granted and served on the trustee.

No summons was issued or served on any of the defendants, but on the 1st of March, 1875, John W. Jefferson and J. T. Jefferson both appeared and filed separate answers to the complaint, in which they met all the charges in the bill, and, among other things, alleged that the prior incumbrances had been paid. Each answer concluded with a prayer in the usual form, that the respondent be dismissed with his costs. On the 3d of March the defendant John Matthews was appointed receiver of the property. At the same time the bill was dismissed as to Crook; and the Washington Fire and Marine In-

surance Company, the Planters' Insurance Company, J. C. Ward & Co., Appleton, Noyes & Co., and the North American Tie Company; creditors of Edrington & Jefferson and beneficiaries under the trust, were, on motion, admitted as defendants in the suit, and given twenty days to file their answers and cross-bills. On the 4th of March, 1875, the cause was continued by consent of parties until the next term. At the September term, 1875, F. Banksmith & Co. and Taylor Brothers, other creditors and beneficiaries, were admitted as defendants, and they, with the other creditors who had been admitted before, were allowed ninety days to answer and file cross-bills. Several orders connected with the administration of the cause were passed at this term on motion of the different parties. It does not appear from the record that the original complaint was ever amended so as to name the intervening creditors as defendants, or to make any charges against them, other than such as were contained in the complaint when the answers of the original defendants, the Jeffersons, were filed. On the 26th of February, 1876, in vacation, the Washington Fire and Marine Insurance Company, and the other creditors who had been formally admitted as defendants, with some other creditors, also beneficiaries under the trust, filed an answer to the original complaint and a cross-bill. To the cross-bill, all the defendants in the original bill, except Crook, were made defendants, and also the infant children of James H. Edrington, and all the creditors of Edrington & Jefferson, beneficiaries under the trust, who were not complainants. The prayer was that the claims of the alleged prior incumbrancers might be discharged or made subordinate to the trust; that the amount due the several creditors might be ascertained; and that the property might be sold to pay what was found due.

Answers were filed to the cross-bill by some of the persons named as defendants, and at the May term of the court, after several orders of administration, the cause was continued. After this continuance, and in vacation, other answers were filed to the cross-bill. Testimony was taken and filed at the November term. On the 15th of November, 1876, the com-

plainants in the cross-bill dismissed their bill as to all the defendants therein named, except Mrs. Edrington, her children, and the several alleged prior incumbrancers, and thereupon, on the 16th of November, John W. Jefferson, J. T. Jefferson, and the several creditors who had answered the original complaint, filed their petition for the removal of the cause to the Circuit Court of the United States for the Western District of Arkansas. In their petition they set forth the citizenship of the parties as in different States, and "that said suit cannot and could not be tried at the present term of this court, as the same is not ready for trial or in a condition to be tried." It is also stated that "in said suit there is a controversy wholly between petitioners, and the said Nancy A. Edrington, individually and as said executrix, John Matthews, and the children and heirs of James H. Edrington, deceased, which can be fully determined as between them without the presence of the other parties."

The cause was docketed in the District Court for the Eastern District of Arkansas on the 9th of March, 1877, and on the 13th of March, Mrs. Edrington moved to remand the case on the ground, among others, that the petition for removal was not filed on or before the first term at which the cause could have been tried. On the 10th of October, 1877, additional grounds for remanding were presented, but, on the 11th of October, the motion was denied.

At the October term, 1879, a decree was entered dismissing the original bill of Mrs. Edrington and finding that all the incumbrances upon the property prior to the trust deed had been fully paid and discharged. The decree then found the amount due on the trust notes, for principal and interest, and ordered a sale of the trust property, free of all alleged prior incumbrances, to pay what was due. Under this decree a sale was made and confirmed by the court at the March term, 1880.

From the decree of the October term, 1879, Mrs. Edrington took this appeal, and, among other things, assigns for error the refusal of the court to remand the cause upon her motion.

We are of opinion that the petition for removal was filed too

late, and that the motion to remand should have been granted. As Mrs. Edrington was kept in the District Court, and forced to a hearing there, she has the right, having saved her point on the record, to have that error corrected here after final decree below. *Removal Cases*, 100 U. S. 475; *Railroad Company* v. *Koontz*, 104 U. S. 16.

By the laws of Arkansas there were two terms of the State Circuit Court during the year 1875, one beginning on the first Monday in March, and the other on the first Monday in September. There were also two terms in 1876, one in May and the other in November. All the contesting defendants to the original complaint filed answers and ended the pleadings, so far as they were concerned, on the 1st of March, 1875. As these answers contained no counter claim or set off, the issues were complete between the original parties at that time, and the plaintiff or the defendants could either of them demand a trial at the next term, which was in November, 1875. When these answers were filed, John W. Jefferson, the trustee, represented all the creditors who were beneficiaries under the trust. His pleading was in law their pleading, and bound them as well as him. Some of the creditors were admitted as defendants, not because they were necessary parties to the suit, but that they might be present to protect their own interests, if necessary. To let them in no amendment of the complaint was needed, because the original allegations against their trustee were in reality allegations against them. They were given twenty days' time to answer for themselves and to file a cross-bill. They failed to avail themselves of this rule, and consequently were in default at the next term. The case, therefore, stood for trial at the next term, with issues joined between the plaintiff and the representative of the creditors on the record. As far as the trustee was concerned, that was the last term at which he could ask for a removal, whether the pleadings were amended and new issues raised or not. The case stood for trial on its merits, with pleadings completed. Some of the creditors who were beneficiaries had already appeared. Others were admitted at that term. They made no complaint of the conduct of their representative upon the

record. His pleadings were their pleadings, and the issues which he had presented for trial were their issues. The trustee did not see fit to take steps at that time for a removal; neither did they. When the term ended, the term at which the cause, as a cause, could be first tried had passed by, and all right of removal under the act of March 3d, 1875, then in force, was gone.

It is true that the creditors got leave to file pleadings within ninety days, and that their answers and cross-bills were in before that time expired, but this operated only as an amendment of the original pleadings and created no new right of removal. As was said in *Babbitt* v. *Clark*, 103 U. S. 612, "the act of Congress does not provide for the removal of a cause at the first term at which a trial can be had on the issues as finally made up by leave of court or otherwise, but at the first term at which the cause, as a cause, could be tried."

Without considering any of the other questions presented by the record,

*We reverse the decree, and remand the cause to the District Court, with instructions to send the case back to the State court from which it was improperly removed.*