# BALTIMORE AND OHIO RAILROAD COMPANY *v.* BURNS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MARYLAND.

Submitted December 15, 1887. — Decided January 9, 1888.

In this case the court holds that the petition for the removal of the cause to the Circuit Court of the United States was presented too late.

THE question in this case was whether the petition for removal was presented in time.

*Mr. John K. Cowen* and *Mr. Hugh L. Bond, Jr.*, for plaintiff in error.

*Mr. Albert Constable* for defendants in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a writ of error for the review of an order of the Circuit Court made March 5, 1886, remanding a suit which had been removed from a state court under the act of March 3, 1875, c. 137, 18 Stat. 470. The material facts are these:

The suit was begun in the Circuit Court of Cecil County, Maryland, and it stood for trial at the December term of that court in the year 1884. During that term the railroad company petitioned the court for the removal of the suit to the Circuit Court of Dorchester County for trial, and this was granted January 22, 1885. The cause was docketed in Dorchester County, February 2, 1885, and on the 22d of April, 1885, the railroad company filed in that county its petition for the removal of the suit to the Circuit Court of the United States for the District of Maryland, on the ground that the plaintiffs, Burns and Nokes, were citizens of New Jersey and Pennsylvania respectively, and the railroad company, the

defendant, a Maryland corporation, and in law a citizen of that State. A removal was ordered by the Dorchester court April 27, 1885, which was at its April term, 1885, and the cause entered in the Circuit Court of the United States May 16, 1885. A motion to remand was made November 2, 1885, and this motion was granted March 5, 1886, on the ground that the petition for removal was not in time.

In our opinion this order was properly made. According to the agreed facts the Circuit Court of Cecil County holds four terms in each year, commencing respectively on the 3d Monday of March, the 3d Monday of June, the 3d Monday of September, and the 3d Monday of December. It is conceded that the cause could have been forced to trial at the December term, 1885, if it had remained in Cecil County. The terms in Dorchester County begin on the fourth Monday of the months of January, April, and July, and on the second Monday of November in each year. Although the record from Cecil County was filed in Dorchester County on the second day of February, and the petition for removal filed on the 22d of April, it does not appear that it was brought to the attention of the court or any action taken thereon until the 27th of that month, which was the first day of the April term. Under these circumstances it is clear that the petition for removal was not presented in time. The first term of the state court at which the cause could have been tried was the December term in Cecil County. That term must have ended on or before the third Monday in March. The transfer was made to Dorchester County during the January term of that court. That was another term of the state court from that in which the trial could first be had. Consequently the time for removal had passed when the case got to Dorchester County. The railroad company had its election at the December term in Cecil County to remove the suit to the Circuit Court of the United States or to transfer it to Dorchester County for trial. It chose the latter and thereby lost its right to the removal.

*The order to remand is affirmed.*