## DILLINGER v. CHICAGO, B. & Q. R. CO. et al.

Circuit Court of Appeals, Eighth Circuit.
April 23, 1927.

Rehearing Denied June 4, 1927.

No. 7551.

**1. Courts ⚖═508(8)—Federal court has equity jurisdiction to restrain further proceeding in law action, if it has jurisdiction of parties, subject-matter, and in the law action.**

District Court has jurisdiction in equity suit by railroad to restrain defendant from proceeding to trial in state court in his law action, which had been removed to federal court, where District Court had jurisdiction of parties and subject-matter, and had jurisdiction in law action.

**2. Courts ⚖═508(8)—Federal court held to have jurisdiction of parties in suit to restrain further proceeding in action removed to such court.**

In suit in equity in United States District Court to restrain defendant from proceeding to trial in state court in law action, which had been removed to federal District Court, court had jurisdiction of parties.

**3. Courts ⚖═508(8)—Federal court had jurisdiction of subject-matter in suit to restrain further proceeding in law action previously removed from state court.**

In suit in equity in United States District Court to restrain defendant from proceeding to trial in state court in law action which had been removed to federal District Court, court had jurisdiction of subject-matter, which was issuance of injunction to protect its jurisdiction in law action.

**4. Removal of causes ⚖═95—Federal District Court may determine whether cause was properly removed when removal papers are filed.**

When removal papers are filed in United States District Court, such court is vested with authority to determine whether cause was properly removed.

**5. Removal of causes ⚖═107(8)—Federal District Court, denying motion to remand law action to state court, made adjudication on question of jurisdiction, which stands till set aside on writ of error.**

When United States District Court denies motion to remand law action to state court, it makes adjudication on question of jurisdiction in law action, which stands until set aside in direct attack, which should be by writ of error in law action.

**6. Courts ⚖═324—Federal court's jurisdiction and order in law action cannot be attacked in ancillary suit in equity to restrain further proceedings in law action.**

Neither jurisdiction of federal court in law action nor correctness of its order denying motion to remand can be attacked in ancillary suit in equity to restrain plaintiff in law action from proceeding to trial in state court after removal to federal court.

Appeal from the District Court of the United States for the Western District of Missouri; Albert L. Reeves, Judge.

Suit by the Chicago, Burlington & Quincy Railroad Company and another against James M. Dillinger, administrator, etc., in which a temporary injunction was issued. From an order refusing to dissolve the injunction, defendant appeals. Affirmed.

George H. Hubbell, of Trenton, Mo. (Platt Hubbell, of Trenton, Mo., on the brief), for appellant.

J. G. Trimble, of St. Joseph, Mo. (H. J. Nelson and E. M. Spencer, both of St. Joseph, Mo., on the brief), for appellees.

Before LEWIS and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

BOOTH, Circuit Judge. This is an appeal from an order denying a motion to dissolve a temporary injunction and continuing the same in force. The injunction restrained appellant, hereafter called plaintiff, from proceeding to trial or taking further steps in an action at law pending in the state circuit court of Sullivan county, Missouri, which action was brought by plaintiff against the appellee, hereafter called defendant railway company, and six individual defendants. The short facts leading up to the order appealed from are substantially as follows:

February 11, 1924, plaintiff brought the above-mentioned action in the state court to recover damages on account of the death of plaintiff's intestate. The complaint set out that the death was due to injuries received in a collision at a public highway crossing between one of defendant railway company's trains and the automobile in which plaintiff's intestate was riding; that plaintiff was a resident and citizen of the state of Missouri; that defendant railway company was a corporation of the state of Illinois; that four of the six individual defendants were citizens of Missouri, and were respectively superintendent, trainmaster, chief dispatcher, and night dispatcher of defendant railway company; that the other two individual defendants were the conductor and engineer, respectively, of the train of defendant railway company which caused the collision; that the accident was caused by certain acts of negligence, to wit, of all of the defendants in running the train without sounding the steam whistle at least 80 rods from the crossing, of all of the defendants, except the conductor and engineer, in not directing such signal to be given, of all of the defendants, except the conductor and engineer, in failing to order such signals to be

given as would bear reasonable relation to the speed at which the train might approach the crossing, of all of the defendants in running the train at an excessive rate of speed, of all of the defendants, except the conductor and engineer, in failing to direct the running of the train at a speed which would bear a reasonable relation to the signals to be given, and of all of the defendants, except the conductor and engineer, in directing the train to be run at an excessive rate of speed; that, by reason of these joint and concurrent acts of negligence of defendants, the accident and death of plaintiff's intestate resulted.

April 26, 1924, and in due time, defendant railway company filed its petition and bond for removal to the United States District Court for the Western District of Missouri. In the petition it was alleged in substance that the defendants, the conductor and the engineer, were neither of them citizens of Missouri; that there was a separable controversy between the defendant railway company and plaintiff; that the only joint liability that could exist would be with the defendant engineer, Park, who was not served; that defendant conductor had nothing to do with the matters mentioned in the complaint, so far as the operation of the train was concerned, and in any event that he was a nonresident; that the joinder of the resident defendants was fraudulent and without foundation; that the acts of commission and omission alleged against the resident defendants were in no wise connected with the collision; that said resident defendants were joined with full knowledge by plaintiff of such facts and with the fraudulent purpose of preventing a removal.

The defendant conductor filed a similar petition and bond for removal.

The state circuit court, by its order of May 9, 1924, found that due notice of the petitions had been given, and that the bonds were sufficient and were approved by the court, but further found that the petitions should be denied; the reasons not being stated. May 20, 1924, defendant railway company caused a transcript of the record in the state court to be filed in the United States District Court for the Western District of Missouri, and notice thereof to be given to plaintiff. Answers by the several defendants were also filed.

About eleven months later, in April, 1925, plaintiff caused the action in the state court to be docketed for trial. No motion to remand from the United States District Court had been made. May 1, 1925, defendant railway company and the defendant conductor brought a suit in equity against plaintiff in the United States District Court, to which the law action had been removed, alleging in substance the foregoing facts, and that said plaintiff was threatening to proceed to trial in the state court. An injunction was prayed.

The court held that the petitions for removal presented issues of fact triable only in the federal court, and granted a temporary injunction against plaintiff, restraining him from proceeding in the state court. May 19, 1925, plaintiff filed in the United States District Court a motion to remand the law action to the state court. In his motion he expressly denied that there was a separable controversy, and expressly denied that there was a fraudulent joinder, and alleged that he "in due course of law, in good faith, elected to sue for a joint recovery, given him by the laws of his state." In connection with this motion, notice was served on defendant railway company by plaintiff that at the hearing of the motion he would offer in evidence a number of depositions, certain photographs, certain rules of the operating department of defendant railway company pertaining to the duties of the individual defendants, a time-table of defendant railway company containing rules and special instructions, and also a map. The question of the sufficiency of the allegations of fraudulent joinder contained in the petition for removal was not raised.

Hearing was had on said motion to remand, and the same was denied July 11, 1925. In its opinion and order the court passed on the issues of fact after considering the evidence, and found that the joinder of the resident defendants was not in good faith, and that no cause of action was stated against them. Nearly 10 months later, May 1-8, 1926, plaintiff filed two motions in the United States District Court—one, in the law action, for reconsideration of the motion to remand; the other, in the equity suit, to dissolve the temporary injunction issued May 1, 1925. May 20, 1926, both motions were denied. From the order refusing to dissolve the injunction the present appeal was taken.

The assignments of error all challenge, in one form or another, the jurisdiction of the court in the equity suit, and the propriety of the issuance of the temporary injunction, or the jurisdiction of the court in the law action, and the correctness of the order denying the motion to remand.

[1] The equity suit was on the face of the bill ancillary to the law action. The question of jurisdiction in the equity suit therefore re-

solved itself into three constituent questions: Did the court have jurisdiction of the parties? Did it have jurisdiction of the subject-matter? Did it have jurisdiction in the main—that is, the law—action?

[2, 3] That the court had jurisdiction of the parties is not, as we understand it, contested; nor could it well be. That the court had jurisdiction of the subject-matter—i. e., of the issuance of an injunction to protect its jurisdiction in the law action, if it had jurisdiction in that action—is also not seriously contested. Such jurisdiction is well established and frequently exercised. Dietzsch v. Huidekoper, 103 U. S. 494, 26 L. Ed. 497; Madisonville Traction Co. v. St. Bernard Mining Co., 196 U. S. 239, 25 S. Ct. 251, 49 L. Ed. 462; M., K. & T. Ry. Co. v. Chappell (D. C.) 206 F. 688; Chillicothe Furniture Co. v. Revelle, 14 F.(2d) 501 (C. C. A. 8).

Did the court have jurisdiction in the main —that is, the law—action? If it did, then, in view of what has above been said, the existence of its jurisdiction in the ancillary equity suit cannot be successfully questioned, nor whether that jurisdiction was properly exercised.

[4] Where was the question of jurisdiction in the law action to be determined? When the removal papers were filed in the United States District Court, that court was vested with authority to determine whether the cause was properly removed. Ex parte Nebraska, 209 U. S. 436, 28 S. Ct. 581, 52 L. Ed. 876; Ex parte Harding, 219 U. S. 363, 371, 31 S. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392.

[5] When that court denied the motion to remand, it made an adjudication on the question of jurisdiction in the law action adverse to plaintiff. That adjudication stands until set aside in a direct attack. Such attack should be by writ of error in the law action. Edrington v. Jefferson, 111 U. S. 770, 4 S. Ct. 683, 28 L. Ed. 594; Mo. Pac. Ry. Co. v. Fitzgerald, 160 U. S. 556, 582, 16 S. Ct. 389, 40 L. Ed. 536; Ex parte Nebraska, 209 U. S. 436, 444, 28 S. Ct. 581, 52 L. Ed. 876; Ex parte Roe, 234 U. S. 70, 73, 34 S. Ct. 722, 58 L. Ed. 1217; Barth v. Coler, 60 F. 466 (C. C. A. 8); Wabash R. Co. v. Barbour (C. C. A.) 73 F. 513; Kraus v. Railroad Co., 16 F.(2d) 79 (C. C. A. 8).

[6] Neither the jurisdiction of the court in the law action nor the correctness of its order denying the motion to remand can be attacked in the present ancillary suit in equity. McCabe v. Guaranty Trust Co. (C. C. A.) 243 F. 845; Mestre v. Russell & Co. (C. C. A.)

279 F. 44. See, also, Johnson v. Christian, 125 U. S. 642, 8 S. Ct. 989, 31 L. Ed. 820; Evers v. Watson, 156 U. S. 527, 532, 15 S. Ct. 430, 39 L. Ed. 520; New Orleans v. Fisher, 180 U. S. 185, 196, 21 S. Ct. 347, 45 L. Ed. 485.

The propriety and validity of the injunction being clear and not seriously contested, if jurisdiction existed in the law action, and the adjudication as to jurisdiction in the law action standing unchallenged by proper procedure, it follows that the order refusing to vacate the injunction should not be set aside.

As this disposes of the case, it is not necessary to discuss the various other questions raised in appellant's brief.

Order affirmed.