### ARRIGO v. COMMONWEALTH CASUALTY CO.

### No. 4313.

District Court, D. Maryland.

May 27, 1930.

Herbert R. O'Conor, Charles C. DiPaula, and J. Cookman Boyd, all of Baltimore, Md., for plaintiff.

Foster H. Fanseen and Edward L. Ward, both of Baltimore, Md., for defendant.

WILLIAM C. COLEMAN, District Judge.

The sole question here involved is whether this court should grant the plaintiff's motion to remand to the court of common pleas of Baltimore city this suit which plaintiff there instituted against defendant under an automobile accident insurance policy, and which was removed to this court pursuant to petition filed in, and order passed by, the court of common pleas on April 26, 1930. More specifically, the question is whether defendant's petition to remove the case from the court of common pleas to this court has been filed too late, within the meaning of section 29 of the Judicial Code (28 USCA § 72) providing for removal of suits of this kind where the jurisdictional requirements are satisfied. The pertinent part of this section is as follows (28 USCA § 72): "Whenever any party entitled to remove any suit mentioned in section 71 of this title, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a State court to the district court of the United States, he may make and file a petition, duly verified, in such suit in such State court *at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff,* for the removal of such suit into the district court to be held in the district where such suit is pending. * * *" (Italics inserted.)

The following dates are material to a determination of the precise question. Plaintiff's suit was originally instituted in the court of common pleas of Baltimore city on January 15, 1930. Under the rules of that court, the defendant was required to plead within thirty days from the return day to which he was summoned, which return day was February 10, 1930. Before such time expired, that is, on March 8, 1930, the defendant demurred to plaintiff's declaration; argument on the demurrer was heard on April 22, 1930; the demurrer was overruled, and on the same day defendant's time for plead-

ing was extended fifteen days from that date. Within that extension the petition for removal to this court was filed and granted, namely, on April 26, 1930.

By his motion, plaintiff contends that whereas defendant's petition for removal was filed before the extended time within which defendant was required to plead had expired, such does not satisfy the provision of the Judicial Code above quoted, because, as plaintiff contends, the requirement that the motion shall be filed at "the time or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff," means any time prior to the time when defendant is required to make *any defense whatsoever* in the state court.

For a complete understanding of the circumstances surrounding the present case, it is necessary to refer to an additional rule of the court of common pleas of Baltimore City (No. 14), which provides that "when a demurrer is overruled, a judgment by default shall be entered against the party demurring, unless he shall plead over within a time to be fixed by the Court. &ast; &ast; &ast;"

On the authority of two decisions of the Supreme Court, Martin v. Baltimore & Ohio R. Co., 151 U. S. 673, 14 S. Ct. 533, 38 L. Ed. 311, and Goldey v. Morning News, 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 517, the court concludes that plaintiff's motion must be granted. In the first of these cases, decided in 1894, the court construed the precise language of the removal statute now in issue, not, to be sure, under the same state of facts, because in that case the petition for removal was filed at or before the time when in the state court the defendant was required by the state law to answer or plead to the merits of the case, but after the time when he was required to plead to the jurisdiction of the court or in abatement of the writ. It is further true that the Supreme Court held that plaintiff had waived his right to object to the removal because the objection was not taken until after the case had proceeded to trial in the federal court. Nevertheless, the Supreme Court, in the course of its opinion, held that defendant's petition for removal was filed too late in the state court. After reciting the exact time as above set forth when defendant's petition for removal was filed, the court said, pages 686, 687 of 151 U. S., 14 S. Ct. 533, 538:

"Was this a compliance with the provision of the act of Congress of 1887, which defines the time of filing a petition for removal in the state court? We are of opinion that it was not, for more than one reason. This provision allows the petition for removal to be filed at or before the time when the defendant is required by the local law or rule of court 'to answer or plead to the declaration or complaint.' These words make no distinction between different kinds of answers or pleas; and all pleas or answers of the defendant, *whether in matter of law, by demurrer,* or in matter of fact, either by dilatory plea to the jurisdiction of the court or in suspension or abatement of the particular suit, or by plea in bar of the whole right of action, are said, in the standard books on pleading, to 'oppose or answer' the declaration or complaint which the defendant is summoned to meet. Steph. Pl. (1st Am. Ed.) 60, 62, 63, 70, 71, 239; Lawes, Pl. 36. The judiciary act of September 24, 1789, c. 20, § 12, required a petition for removal of a case from a state court into the circuit court of the United States to be filed by the defendant 'at the time of entering his appearance in such state court,' 1 Stat. 79. The recent acts of Congress have tended more and more to contract the jurisdiction of the courts of the United States, which had been enlarged by intermediate acts, and to restrict it more nearly within the limits of the earliest statute. Pullman Car Co. v. Speck, 113 U. S. 84, 5 S. Ct. 374, 28 L. Ed. 925; Smith v. Lyon, 133 U. S. 315, 320, 10 S. Ct. 303, 33 L. Ed. 635; In re Pennsylvania Co., 137 U. S. 451, 454, 11 S. Ct. 141, 34 L. Ed. 738; Fisk v. Henarie, 142 U. S. 459, 467 [12 S. Ct. 207, 35 L. Ed. 1080]; Shaw v. Quincy Mining Co., 145 U. S. 444, 449, 12 S. Ct. 935, 36 L. Ed. 768.

"*Construing the provision now in question, having regard to the natural meaning of its language, and to the history of the legislation upon this subject, the only reasonable inference is that congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defense whatever in that court, so that, if the case should be removed, the validity of any and all of his defenses should be tried and determined in the circuit court of the United States.*

"As the petition for the removal of this case into the circuit court of the United States was not filed in the state court within the time mentioned in the act of congress, it would follow that, if a motion to remand upon that ground had been made promptly, and denied, the judgment of the circuit court of the United States must have been reversed, with directions to remand the case to the state

court. Edrington v. Jefferson, 111 U. S. 770, 4 S. Ct. 683, 28 L. Ed. 594; Baltimore & Ohio Railroad v. Burns, 124 U. S. 165, 8 S. Ct. 421, 31 L. Ed. 333." (Italics inserted.)

The case of Goldey v. Morning News, supra, decided in 1895, affirms what was said in the Martin Case because, while the precise question was not directly in issue, the court in unmistakable terms, adopted the result of the prior decision. The question presented was whether a corporation sued in a personal action in a state court, within which it was neither incorporated nor doing business, nor had any agent or property, by appearing specially in such court for the sole purpose of presenting a petition for the removal of the action into the federal court, and by obtaining a removal, thereby waived its right to object to the jurisdiction of the court for want of sufficient service of the summons. In answering this question in the negative, the court said, pages 524, 525 of 156 U. S., 15 S. Ct. 559, 562:

"It has been held by this court, upon full consideration, that the provision of this act, that the petition for removal shall be filed in the state court at or before the time when the defendant is required by the local law or rule of court 'to answer or plead to the declaration or complaint,' requires the petition to be there filed at or before the time when the defendant is so required to file any kind of plea or answer, 'whether in matter of law, by demurrer, or in matter of fact, either by dilatory plea to the jurisdiction of the court or in suspension or abatement of the particular suit, or by plea in bar of the whole right of action,' because, as the court said: 'Construing the provision now in question, having regard to the natural meaning of its language, and to the history of the legislation upon this subject, the only reasonable inference is that congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defense whatever in that court, so that, if the case should be removed, the validity of any and all of his defenses should be tried and determined in the circuit court of the United States.' Martin v. Baltimore & Ohio Railroad, 151 U. S. 673, 686, 687, 14 S. Ct. 533, 38 L. Ed. 311."

There is nothing inconsistent with the aforegoing decisions in Powers v. C. & O. Railway Co., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673, because there the question was totally different. That decision had to do with an action brought in a state court which, by reason of joinder as defendants of citizens of the same state as the plaintiff, the court decided was not removable until after the time prescribed by statute or rule of the state court for answering the declaration; and the court, therefore, further decided that such action may, upon a subsequent discontinuance in the state court by the plaintiff against such defendants making the action then for the first time a removable one by reason of diverse citizenship of the parties, be removed into the federal court by the defendant upon a petition filed immediately after such discontinuance, and before taking any other steps in defense of the action. See Wabash W. Ry. v. Brow, 164 U. S. 271, 17 S. Ct. 126, 41 L. Ed. 431, where the language of the Martin Case was again quoted and approved, although, to be sure, an approval not necessary to the decision. See also Fidelity & Casualty Co. v. Hubbard, 117 F. 949, a decision from this circuit.

■ Granting what was said by the Supreme Court in the Martin Case was obiter dicta, its repeated affirmance by the same court, albeit as dicta also, must be taken as giving to it the weight of a settled conclusion of law, that is to say, a construction of the statute which is binding upon this court. It is to be noted that the Martin Case arose on writ of error to the Federal Circuit Court for the District of West Virginia; that is to say, it is a case from this, the Fourth circuit.

The question now before us is not to be confused with a number of similar questions arising under this removal statute, upon which the Supreme Court has never declared itself, and with respect to which there is seemingly irreconcilable conflict in several of the circuits. Among these questions are the effect, upon the time of removal, of an amendment to the complaint or declaration; effect of stipulations of counsel, or court orders extending the time for pleadings where, contrary to the situation in the case in issue, no answer or defense of any kind has been filed by defendant; and the effect upon the removal petition of a defensive pleading filed within the prescribed time but not acted upon prior to the filing of such petition. See Wilson v. Winchester & Potomac Ry. Co., 99 F. 642; 82 F. 15; also Rose's Federal Jurisdiction and Procedure (3d Ed.) § 445; and Dobie on Federal Procedure, § 109, in which is to be found an excellent discussion and résumé of the authorities.

That other class of cases, which are quite numerous, to which the court has been referred, and of which Alley v. Nott, 111 U. S. 472, 4 S. Ct. 495, 28 L. Ed. 491, and Scharff

v. Levy, 112 U. S. 711, 5 S. Ct. 360, 28 L. Ed. 825, are typical, while persuasive of the conclusion here reached, are also not decisive of the precise question now before us, because they dealt with the language of the statute before it was amended to its present phraseology. See Act March 3, 1875, 18 Stat. 471.

In conclusion, therefore, the court finds that defendant's right to remove the suit, exercised after the time had expired within which it was originally required to answer or plead in the state court, has not been preserved by reason of the extension of time within which to plead, allowed by the rule of the state court, as a result of defendant's demurrer being overruled. Adopting the language of the Supreme Court in the Martin Case, supra, above quoted, that the only reasonable inference from the language of the statute is "that congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defense whatever in that court," we fail to find any valid distinction between filing the petition subsequent to the time when the defendant might be required to plead to the jurisdiction of the court or in abatement of the writ, as occurred in the Martin Case, and filing it subsequent to an exercise of the right to demur. For, as the Supreme Court said, the language of the statute makes "no distinction between different kinds of answers or pleas; and all pleas or answers of the defendant, whether in matter of law, *by demurrer*, or in matter of fact, either by dilatory plea to the jurisdiction of the court or in suspension or abatement of the particular suit, or by plea in bar of the whole right of action, are said, in the standard books on pleading, to 'oppose or answer' the declaration or complaint which the defendant is summoned to meet." (Italics inserted.) This being true, the nature of the grounds for demurrer in the present case become immaterial.