**BANDAG OF SPRINGFIELD, INC., Plaintiff,**

v.

**BANDAG INCORPORATED, Defendant.**

**Civ. A. No. 81–3329–CV–S–2.**

United States District Court, W. D. Missouri, S. D.

Dec. 11, 1981.

Craig R. Oliver, Springfield, Mo., for petitioner.

Robert W. Schroff, Springfield, Mo., for respondent.

## ORDER GRANTING MOTION
## TO REMAND

COLLINSON, Senior District Judge.

On September 16, 1981, Bandag Incorporated filed a petition of removal in this Court pursuant to Title 28, United States Code, § 1446. The state court action which spawned this petition is a suit in Greene County Circuit Court styled *Bandag of Springfield, Inc. v. Bandag, Inc., The Tire Corral, Inc.,* and *Sedalia Bandag Tire and Service Co., Inc.,* No. CV179–1772–CC–3. The plaintiff is an entity incorporated under the laws of the State of Missouri with its principal place of business in Missouri, as are state court defendants Tire Corral, Incorporated and Sedalia Bandag Tire and Service Company. Defendant Bandag Incorporated is incorporated under the laws of the State of Iowa and has its principal place of business in that state.

On September 25, 1981, the plaintiff, Bandag of Springfield, filed a motion to remand this case to the state court. Its motion alleged that petitioner's removal action was (1) untimely filed; (2) that Bandag Incorporated had waived its right to remove by proceeding to trial in state court after the event which purportedly established a basis for removal; (3) that diversity did not exist when Bandag filed its removal petition, and (4) that diversity was not established by the court's treatment of plaintiff's tender of dismissal as to the two resident defendants.

The state court action was tried before a Greene County Circuit Court jury, commencing on August 10, 1981. During the afternoon of the second day of trial, at a bench conference, the plaintiff sought to dismiss its cause of action against two Missouri corporate defendants without prejudice pursuant to Mo.R.Civ.P. 67.01. The attorney for the corporate defendants made no objection to this tender of dismissal. The court made a somewhat ambiguous comment after this tender of dismissal: "[t]hat would be fine." We cannot deter-

mine from the transcript if the court was making a ruling on the motion for dismissal or merely responding in an approving fashion to a comment made by another attorney that dismissal would ease the crowded situation around the counsel table.

At any rate, petitioner's counsel apparently felt that a ruling had been made which created diversity of citizenship because he immediately announced the possibility that he would file a petition for removal in federal court. He requested a recess to consider this option. Plaintiff, made suddenly restive by this turn of events, asked the court's permission to reconsider whether or not it would seek leave to withdraw its tender of dismissal. The attorney for the resident corporate defendants interjected at this point that this could not be done because the plaintiffs had already dismissed. The court concluded this bench conference with the statement "[w]e have some case law in Missouri I believe now to the effect that the court has no power to reinstate."

Shortly after this conference, the court made a formal docket entry which related the following:

> Plaintiff tenders dismissal without prejudice as to defendants Tire Corral and Sedalia Bandag. Defendant Bandag, Inc., announces its position that this is an effective dismissal without prejudice and entitles defendant Bandag, Inc., to remove to federal court. Plaintiff's counsel state that they now intend to withdraw said dismissal and take the position that under Rule 67.01, the court has not given leave nor has there been any written consent and, therefore, the dismissal is not effective and may be withdrawn. *The court announces its ruling in favor of plaintiff and decrees the dismissal effectively withdrawn.* (Emphasis added).

The above proceedings all took place on August 11, 1981, and the plaintiff took no further steps to file a petition of removal or request any additional time to do so. The case continued in Circuit Court, and the jury returned a substantial verdict in favor of the plaintiff on August 17, 1981.

■ By means of opposing suggestions, the petitioner goes to great lengths to persuade the court that the removal action was timely filed and that it did not waive its removal rights by proceeding with trial in state court. The Court feels, however, that it must address the threshold question of whether or not the trial court ever dismissed the resident corporate defendants so as to have created removability. From the records supplied to the Court, we determine that the trial court declined, in the final analysis, to dismiss the resident defendants.[1] Thus, no diversity of citizenship *in fact* existed on which Bandag Incorporated could predicate removal. *First National Bank in Little Rock v. Johnson and Johnson*, 455 F.Supp. 361 (E.D.Ark.1978); 1A *Moore's Federal Practice*, ¶ 0.168[3.–5] at 488–89. That the trial judge declined to dismiss the resident corporate defendants is evident from the docket entry.

■ Although it is not necessary to reach this issue, the Court additionally finds that even if diversity had arisen on August 11, 1981, the filing of the petition for removal on September 16, 1981, was clearly tardy under Title 28, United States Code, § 1446(b). As stated in *First National Bank in Little Rock, supra*, the thirty (30) day period within which one must file his removal petition begins to run when facts or circumstances arise which put a defendant on notice that a basis for removal exists. In this case, as soon as the purported dismissal took place, Bandag Incorporated had until September 10, 1981, to file its removal petition. Bandag Incorporated failed to so perfect its removal by a timely filing.

Therefore, after due consideration and in the interests of justice, it is

ORDERED that plaintiff's motion to remand, filed September 25, 1981, be, and hereby is, granted.

---

1. The propriety of the trial court's action is not a proper subject of this Court's consideration. Whether the judge ever dismissed the resident corporate defendants or, in the alternative, whether he ever effectively reinstated them, may be determined by the appellate courts of the State of Missouri. ⸳