**William J. HUTTON and Patricia C. Hutton, Individually and as Administrators of the Estate of Paul R. Hutton, Deceased**

v.

**TEMPLE UNIVERSITY**

and

**Up–Right, Inc.**

and

**Up–Right North American Operations.**

Civ. A. No. 88–4504.

United States District Court, E.D. Pennsylvania.

Feb. 1, 1989.

Arthur G. Raynes, Raynes, McCarty, Binder, Ross & Mundy, Philadelphia, Pa., for plaintiff.

John P. Penders, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, Pa., for defendant Up–Right.

## MEMORANDUM

ROBERT F. KELLY, District Judge.

This action was originally filed in the Philadelphia Court of Common Pleas against the defendants Temple University, Up–Right, Inc., and Up–Right North American Operations. Plaintiffs later entered into a joint tortfeasor release with one of the defendants, Temple University. Upon learning of the joint tortfeasor release with Temple University, the two other defendants, Up–Right, Inc. and Up–Right North American Operations, filed a petition to remove the case from the state court to the federal court alleging that there was now complete diversity between the parties with

the execution of the joint tortfeasor release between plaintiffs and Temple University.

The Up–Right defendants are citizens of the State of California with their principal place of business in that State. The plaintiffs are citizens of the State of New York and, for removal purposes, Temple University is considered to be a citizen of Pennsylvania.

28 U.S.C. § 1446(b) states:

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

This has been held to mean that if the plaintiff has voluntarily terminated his case against one defendant whose presence defeats removal, the case then becomes removable. *Powers v. Chesapeake & Ohio Railway Co.*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898); *Atlanta Shipping Corp. v. International Modular Housing, Inc.*, 547 F.Supp. 1356 (1982). See also 14A Wright, Miller & Cooper, Federal Practice and Procedure, § 3723 at 314.

If Temple University is still a "party in interest" in this case, then it is not removable because 28 U.S.C. § 1441(b) states that "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

The record of the state court is considered the sole source from which to ascertain whether a case originally not removable has become removable. *Bandag of Springfield, Inc. v. Bandag, Inc.*, 537 F.Supp. 366, 368 (W.D.Mo.1981). See also, Moore's Federal Practice ¶ 0.168 [3.–5–6] at 599.

Under Pennsylvania law discontinuance is the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before the commencement of trial. Pa.R.Civ.Pro. 229(a);

*McQueen v. United Insurance Co.*, 65 D. & C.2d 223 (1973). Should the plaintiffs attempt to prosecute their action against Temple, the joint tortfeasor release may be a defense, but unless and until the plaintiff files a discontinuance of record, the case against Temple has not terminated under Pennsylvania law, and therefore this case must be remanded.